TERRA NOVA INSURANCE
COMPANY LIMITED

v.

John F. DISTEFANO, Alias John Doe,
Donna M. Jeff, nee Donna M.
Distefano, Alias Jane Doe.

C.A. No. 87–0075.

United States District Court,
D. Rhode Island,
First Division.

June 26, 1987.

Raymond LaFazia, Providence, R.I., for plaintiff.

William R. Landry, Blish & Cavanagh, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter concerns the intricacies of the words "pattern of racketeering activity" which are contained in the Racketeering Influenced Corrupt Organization Act (RICO), 18 U.S.C. § 1962. The issue presented for decision is whether plaintiff, to assert a cause of action under RICO, must allege that *plaintiff* was the target of two or more predicate acts which constitute the alleged pattern of racketeering activity? Prior to deciding this issue, however, the Court is confronted with a threshold question of law. This question is whether an independent federal action, whose viability is contingent upon the outcome of parallel state court proceedings, is ripe for adjudication?

John F. DiStefano (DiStefano) and Donna M. Jeff (Jeff) are involved in the real estate development business in the State of Rhode Island. Jeff, the daughter of DiStefano, is the sole owner of Pickwick Park Ltd. (Pickwick Park), a real estate development firm incorporated in Rhode Island.

On July 19, 1983, four lots of land located in the City of Cranston were conveyed to Pickwick Park by executor's deed. Both sides agree that this property contained what is described as "a wood frame dwelling" located at 37 Phenix Avenue in Cranston, Rhode Island. After obtaining title to the property Pickwick Park apparently

granted a mortgage on the property to DiStefano. In addition, Pickwick Park purchased an "all-risk" insurance policy on the wood frame dwelling from plaintiff, Terra Nova Insurance Company Limited (Terra Nova). Pickwick Park then commenced to "develop" the property.

On September 2, 1983, the wood frame dwelling was badly destroyed when it was struck by a bulldozer operated by one Donald Gardner (Gardner). Jeff and DiStefano claim that Gardner suffered heat stroke while operating the bulldozer. This, they allege, caused Gardner to lose control of the tractor, and consequently, to collide with the wood frame dwelling.

In October of 1983, Jeff, as owner, and DiStefano, as mortgagee, submitted claims with Terra Nova in accordance with the terms of the insurance policy. Terra Nova, defendants allege, refused to pay the full amount of these claims. Defendants then filed suit in the Providence County Superior Court under the terms of the policy itself and under the theory that Terra Nova had acted in bad faith in refusing to pay on the insurance policy.[1] Terra Nova answered these suits by asserting various defenses under the policy. These suits were then assigned to the Superior Court's trial Calendar where they remain pending.

On February 12, 1987, Terra Nova filed a complaint in this Court. The complaint alleged that the incident concerning the destruction of the wood frame dwelling was one incident in a pattern of racketeering activity violative of RICO. This pattern allegedly consisted of approximately seven other incidents between 1969 and the present in which Jeff and DiStefano either fraudulently obtained or were attempting to obtain payments from other insurance carriers for property damage. Defendants Jeff and DiStefano moved to dismiss this complaint under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court heard oral argument on May 4, 1987, and is now prepared to render a decision on the matter.

The doctrine of ripeness requires a court to evaluate two considerations. First, it is necessary to determine whether the issues presented are fit for judicial decision. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). This consideration, in turn, embraces the concern that courts should not decide a case which "involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *See* C. Wright, A. Miller & E. Cooper, 13A FEDERAL PRACTICE AND PROCEDURE § 3532 (1984). Secondly, the doctrine requires a court to weigh the hardship that would be incurred by the parties were the court to withhold consideration of the case. *Abbott Laboratories*, 387 U.S. at 149, 87 S.Ct. at 1515.

■ Application of the first consideration to the facts of the present case, lead one to conclude that the viability of Terra Nova's RICO action is contingent upon the outcome of issues which may be decided in Jeff's and DiStefano's state court actions. If, for instance, Jeff and DiStefano succeed in recovering under the insurance policy from Terra Nova in the Providence County Superior Court, then any affirmative defense of fraud raised by Terra Nova under the language of the insurance policy necessarily would have failed. This conclusion would eliminate the argued legal prerequisite to sustaining a cause of action under RICO: the single fraudulent act, allegedly committed by defendants against Terra Nova, which is part of the claimed pattern of other such acts committed by defendants against other insurance carriers. Without this legal prerequisite, Terra Nova could not establish that it was injured in fact by any pattern of racketeering activity. The pattern of such activity (if it existed) would only have occurred against other insurance carriers. Terra Nova, then, would have no standing, as defined in its traditional sense, to raise a RICO action in this Court.

Similarly, if Jeff and DiStefano succeed on their bad-faith claims in state court,

---

1. The Providence County Superior Court actions are captioned, "Pickwick Park, Ltd. vs. Terra Nova Insurance Co.", C.A. No. 84–0867, and "John P. DiStefano vs. Terra Nova Insurance Co.", C.A. No. 84–0623.

then it would have been determined that Terra Nova acted in bad faith in refusing to pay defendants under the policy. A finding of bad faith on the part of Terra Nova, however, necessarily would imply that the insured proceeded against the company in good faith or non-fraudulently. Once again, Terra Nova could not allege that it was injured as a result of Jeff's and DiStefano's actions. Without any such injury, Terra Nova, again, would have no standing to bring a RICO action in this Court.

It is evident from these possible scenarios that the survival of Terra Nova's RICO action rests upon the outcome of the state court proceedings. The action before this Court, then "may not occur at all." Consequently, the issues contained therein are not fit for judicial decision.

Plaintiff asserts that *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928 (4th Cir.1977) is contrary to this ruling. *Ludwig*, however, actually supports the decision of this Court. In *Ludwig*, the estates of a pier owner's employees (employees) brought a wrongful death action in state court against a ship owner (Mowinckles) and a pier designer (Tidewater) for the employees deaths that occurred when a pier collapsed during the unloading of some cargo. *Id.* at 929. Subsequent to this action, Mowinckles filed suit in federal court against the pier owner (Lone Star) and Tidewater, alleging negligence and breach of contract. Mowinckles' action also sought indemnification for any liability which may be imposed on it in the wrongful death action. *Id.* at 930.

In deciding these claims the district court first ruled on the negligence and breach of warranty issues of the case. As to these issues, the court found that Lone Star alone was the proximate cause of the casualty, and thus, that Mowinckles should recover damages from Lone Star. *Id.* In a separate ruling, the court proceeded to find that Mowinckles and Tidewater were entitled to indemnification for all expenses already incurred or to be incurred in the wrongful death action. *Id.*

Upon review of the latter ruling, the issue arose as to whether the district court's decision on the indemnification claim was "premature." The Court of Appeals for the Fourth Circuit reasoned the following:

Whether Mowinckles or Tidewater should be indemnified by Lone Star for the personal injuries of Lone Star's employees would depend in the first place upon whether, in those actions Mowinckles or Tidewater or both are found to be liable for the personal injuries or death.

*Id.* at 933. The second question, however, could not be answered at the time of appeal because the state court had not yet determined Mowinckle's or Tidewater's liability in the wrongful death action. Were the district court's approach followed, Mowinckles could obtain "indemnification" for its state court expenses even though it might not be entitled to indemnification on the liability aspect of the state court suit. This, the court reasoned, could lead to the "incongruous result" of requiring a party to pay expenses as an element of damages even though the party was not liable on the underlying claim. *Id.* at 932; *Cf. Oxford Shipping Co. v. New Hampshire Trading Corp.* 697 F.2d 1, 8 (1st Cir.1982) (Where the First Circuit Court of Appeals interpreted *Ludwig* in this manner). For this reason, the Fourth Circuit concluded that the district court's ruling on the indemnification issue was "premature."

The holding of the Fourth Circuit in *Ludwig* supports the decision reached by this Court. Just as the survival of the indemnification action in *Ludwig* depended upon the outcome of the employees state action, plaintiff's RICO claim in the present case is contingent upon the outcome of DiStefano's and Jeff's claims in the Providence County Superior Court. Moreover, as was the case in *Ludwig*, it would be "incongruous" for this Court to award plaintiff's attorney's fees and expenses as an element of damages under RICO only to find that they had no standing to pursue a cause of action under that statute.

These factual similarities indicate that this Court would face obstacles identical to

those faced by the *Ludwig* Court were it to proceed further with regard to the issues underpinning plaintiff's RICO cause of action. *Ludwig*, then, supports the conclusion that these issues are not fit for resolution at this time.

■ The doctrine of ripeness also requires this Court to weigh the hardship that would be incurred by the parties as a result of its withholding consideration of the matter before it. Terra Nova contends that this hardship would be great because it would continue to incur legal expenses and costs in defending Jeff's and DiStefano's state court actions.

This argument, however, assumes that Jeff and DiStefano have acted fraudulently in filing a claim under their insurance policy. As has already been pointed out, if it is determined that defendant's conduct is not fraudulent, then Terra Nova will not be able to recover these fees and expenses as an element of damages in its RICO action. Terra Nova will simply have suffered no hardship for which there exists a cognizable legal remedy.

Moreover, if Jeff and DiStefano fail to succeed upon their state claims, Terra Nova can always recover its alleged damages upon the conclusion of the state court proceedings. Given this alternative method of recovery, along with the former possible outcome, it becomes evident that Terra Nova will suffer little, if any, hardship in having to defend Jeff's and DiStefano's state court actions to their completion.

This conclusion is made all the more evident by the manner in which Terra Nova filed its RICO action in this Court. Although the original injury as claimed by Terra Nova occurred in September of 1983, it was not until over three years later that Terra Nova filed its RICO action in this Court. Obviously, Terra Nova was not suffering hardship from the attorney's fees and costs that it incurred in defending the state court actions. Had such hardship been suffered, Terra Nova would not have waited for such a lengthy period of time before filing its RICO claim. It is painfully clear that Terra Nova filed its RICO action when it did, merely to coerce a settlement from Jeff and DiStefano in the state court proceedings. This reason, however, is not probative upon the issue of hardship.

Since the hardship (if any) suffered by Terra Nova from the Court's withholding its decision is slight and the issues before this Court are unfit for judicial resolution, the Court finds that plaintiff's RICO action is not ripe for adjudication. Having reached this conclusion, the question arises whether the matter before the Court should be stayed or dismissed.

It is generally agreed that the ripeness doctrine arises from two sources: Article III limitations on judicial power and the discretionary power of a court to refuse to hear unripe matters. C. Wright, A. Miller and E. Cooper 13A FEDERAL PRACTICE AND PROCEDURE § 3532.1 (1984). While discerning the line between the two sources is said to be "thin", it makes sense that the "unripe" character of an action, whose viability turns on the outcome of a future event, arises from the latter rather than the former source. In this situation, a court may be presented with a technical case or controversy as revealed by the trivial amount of damages involved; however, weighing the evanescent nature of plaintiff's harm against the risk of deciding a case which may never come to fruition, the court may decide it is unwise to decide such a matter. This, of course, is precisely the posture of the present case.

■ Aside from this theoretical consideration, there are practical reasons why the present case should not be viewed as triggering jurisdictional concerns. Were the Court to dismiss plaintiff's RICO action for lack of jurisdiction, the state proceedings may not resolve the matter at hand. Plaintiff then, would arguably possess a cause of action under RICO; however, plaintiff might be barred from refiling its action by some intervening future event (e.g. the expiration of the statute of limitations). In avoiding the danger of adjudicating an unripe action, the Court, then, would have helped place plaintiff in the awkward position of losing its alleged underlying claim. This would be manifestly unfair.

To stay the present proceedings until the commpletion of Jeff's and DiStefano's state court actions would remedy this potential injustice. If Terra Nova successfully defends Jeff's and DiStefano's state court actions, then it may pursue its alleged RICO claim in this Court. At the same time, a stay of the present proceedings would prevent any possible prejudice to Terra Nova from having to refile its action in this Court after the state court proceedings have concluded. Finally, while preventing this potential injustice, a stay has the additional benefit of neutralizing Terra Nova's attempt to use its RICO action as a means of coercing a settlement from Jeff and DiStefano in the state court proceedings.

For all the above reasons, the Court need not address the substantive issue presented at the outset of this decision. All proceedings in this matter are stayed pending the conclusion of the related proceedings presently before the Providence County Superior Court and until further order of this Court.

*It is so Ordered.*