**LINCOLN HOUSE, INC.,**
**Plaintiff, Appellant,**

v.

**Paul W. DUPRE, et al.,**
**Defendants, Appellees.**

**No. 89–2055.**

United States Court of Appeals,
First Circuit.

Heard March 5, 1990.

Decided May 16, 1990.

Brian G. Doherty with whom Doherty Professional Ass'n, was on brief, for appellant.

R. David DePuy with whom Kevin M. Leach and McLane, Graf, Raulerson & Middleton Professional Ass'n, were on brief, for appellee Lauren L. Dupre.

Jeffrey B. Sisemoore with whom Sisemoore Professional Ass'n, was on brief, for appellee Paul W. Dupre.

Before CAMPBELL, Chief Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Lincoln House, Inc. ("Lincoln") brought this action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO") against Paul and Lauren Dupre in the United States District Court for the District of New Hampshire. The district court dismissed the complaint for failure to state a claim for which relief could be granted. Lincoln appeals. We agree with the district court that the complaint should be dismissed, but for different reasons, namely, because Lincoln's alleged RICO claim is not ripe for judicial consideration.

### Background

In 1987, Lincoln brought a breach of contract action against Paul Dupre in the Rockingham County Superior Court in the state of New Hampshire. The case remains pending in the Superior Court and has yet to go to trial. Lincoln has twice petitioned the Superior Court to attach Paul Dupre's property. Both petitions have been denied.

In April 1989, Lincoln brought this RICO action against Paul Dupre and his ex-wife, Lauren Dupre, in the United States District Court for the District of New Hampshire. Lincoln's complaint alleges that the defendants engaged in a pattern of racketeering through which they fraudulently transfer-

red Paul Dupre's property in order to hide the assets that Lincoln hopes to reach if it prevails in the pending state court action. Pursuant to 18 U.S.C. § 1964, Lincoln seeks his alleged actual damages (said to be $450,000 or more); treble damages; equitable relief; and costs and attorney's fees.

Defendant Lauren Dupre moved for dismissal and/or summary judgment, arguing that the complaint failed to state a claim for which relief could be granted. Dupre asserted that the complaint did not allege facts from which the court could find a "pattern of racketeering" activity. She also asserted that the claim was not ripe for adjudication, because Lincoln has not yet suffered any injury from the alleged acts of fraud.

The district court dismissed the complaint on the ground that the complaint did not sufficiently allege a "pattern of racketeering" and, therefore, failed to state a valid RICO action. The court accordingly entered judgment for the defendants. This appeal followed.

### Discussion

The statutory basis for Lincoln's claim is 18 U.S.C. §§ 1962(c) and 1964. Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise ..., to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity....

Section 1964 provides for a private cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962...." 18 U.S.C. § 1964(c). To establish a violation of section 1962(c), a plaintiff must show that the defendant(s) engaged in "(1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity.... In addition, the plaintiff has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). Under the definitional section of RICO, a pattern of racketeering activity requires at least two predicate acts of racketeering activity. 18 U.S.C. § 1961. Mail fraud under 18 U.S.C. § 1341 is a predicate act under section 1961.

Lincoln alleges that the "pattern of racketeering activity" consists of uses of the United States Postal Service in furtherance of the several fraudulent acts, which defendants allegedly engaged in after learning of Lincoln's intent to bring the breach of contract suit. Specifically, Lincoln alleges that the defendants entered into a phoney divorce, pursuant to which Lauren Dupre was to receive Paul Dupre's share of all their jointly held property for $22,000, a fraction of the share's value, and that they fraudulently conveyed several parcels of property previously owned by Paul Dupre. Lincoln alleges six specific acts of mail fraud carried out between August 1986 and October 1988. Four of these are in connection with the allegedly fraudulent divorce and the other two are in connection with the allegedly fraudulent conveyances.

On appeal, Lincoln argues that the district court's decision must be reversed, because the court erred in concluding that the complaint failed to allege a pattern of racketeering activity. The Dupres respond by arguing that the district court properly dismissed the complaint, because Lincoln failed to allege predicate acts of racketeering with sufficient specificity, and because the alleged predicate acts do not amount to or pose a threat of "continued criminal activity."

To establish a "pattern of racketeering activity," under RICO, a plaintiff must show at least two predicate acts of racketeering activity and must establish that the "predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, —— U.S. ——, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989); *Fleet Credit Corp. v. Sion*, 893 F.2d 441, 444 (1st Cir.1990). The limited number and scope of the predicate acts alleged by Lincoln suggest that it has alleged only "sporadic criminal activity," that would neither

amount to nor pose a threat of continued criminal activity. *See Fleet*, 893 F.2d at 447–48; *H.J., Inc.*, 109 S.Ct. at 2900–2902.[1] However, we do not reach this question, because we conclude that Lincoln's RICO claim is not ripe for judicial consideration.

The issue of ripeness turns on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Pacific Gas & Electric Co. v. State Energy Resources Conservation and Development Commission*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983). Perhaps the most important consideration in determining whether a claim is ripe for adjudication is the extent to which "the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all." 13A Wright and Miller, Federal Practice and Procedure § 3532.2, at 141 (1984). *See also Metzenbaum v. Federal Energy Regulatory Commission*, 675 F.2d 1282, 1289–90 (D.C.Cir.1982); *A/S Ludwig Mowinckles Rederi v. Tidewater Construction Corp.*, 559 F.2d 928, 932 (2d Cir.1977).

■ In this case, Lincoln's alleged injury is clearly contingent on events that may not occur as anticipated or may not occur at all. The only injury alleged is contingent upon Lincoln's prevailing in its pending state court action against Paul Dupre. Lincoln does not allege that the Dupres's purported pattern of racketeering caused damages which Lincoln has already incurred. Rather, it alleges only that the Dupres have engaged in a pattern of racketeering activity to divert the assets of Paul Dupre "so that those assets might not be reached by the Lincoln House, Inc., an organization which has a pending claim against Mr. Dupre and a construction firm of which he was a general partner."[2]

Thus, the only injury alleged by Lincoln is its hypothetical inability to recover from Paul Dupre, *if* Lincoln obtains a judgment, in some amount, in the pending state court breach of contract action. If Lincoln were to lose the breach of contract action in New Hampshire state court, Lincoln would have no RICO claim against the Dupres. In these circumstances, Lincoln's RICO claim is not now ripe for judicial resolution. *See Terra Nova Insurance Co. Ltd. v. Distefano*, 663 F.Supp. 809 (D.R.I.1987) (where insurer's RICO action against insured was contingent on the outcome of state court suit brought by insured against insurer, RICO claim was not ripe). *Cf. Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir.1982) (suit for indemnification and contribution should be dismissed as unripe where determination of liability on the underlying claim had yet to be made); *A/S Ludwig Mowinckles Rederi v. Tidewater Construction Corp.*, 559 F.2d 928, 933 (2d Cir.1977) (same).

The prematurity of Lincoln's RICO claim further appears from an examination of the relief it seeks. Lincoln requests damages "in an *undetermined* amount not less than $450,000," trebled under 18 U.S.C. § 1964(c) (emphasis added). Yet the only injury alleged by Lincoln is the inability to satisfy a prospective state court judgment against Paul Dupre, *if* Lincoln succeeds in securing such a judgment in its pending state action. The damages are, therefore, wholly contingent upon Lincoln's success in a separate case in another court, making Lincoln's claim of damages, at this point, purely speculative, and not ripe for resolution. *See, e.g., Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1106 (2d Cir.1988) (where alleged damages depended on the outcome of pending bankruptcy proceeding, claim for damages must be dismissed

---

1. Although the defendants have not raised the issue, we note that Lincoln's complaint also appears deficient insofar as it lacks any allegations of an "enterprise" conducted by the defendants.

2. Lincoln does not allege facts in its district court complaint to support a finding that Dupre broke the purported contract. Rather, the complaint relies solely on the prospect of Lincoln

obtaining a judgment for breach of contract in the New Hampshire Superior Court. Lincoln's appellate brief explains that the pending state court action is a breach of contract action brought to recover damages allegedly caused by Paul Dupre's failure to perform his responsibilities under a contract to renovate certain property of Lincoln's.

as premature), *cert. denied,* —— U.S. ——, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989). Moreover, since the only damages alleged by Lincoln cannot yet be proven, never having been incurred—and since they may never be incurred—Lincoln can hardly claim hardship if consideration of them is presently withheld.

It would be similarly incongruous to entertain Lincoln's request for costs and attorney's fees where Lincoln may lose its state court action and thus not become entitled in this action either to RICO or ancillary relief. *See Distefano,* 663 F.Supp. at 811 (where plaintiff's RICO claim was contingent on the outcome of claims pending in state court, "it would be incongruous for th[e] court to award plaintiff's attorney's fees and expenses as an element of damages under RICO only to find that they had no standing to pursue a cause of action under that statute"); *Ludwig* 559 F.2d at 932 (indemnification claim was unripe where adjudicating claim could lead to incongruous result of awarding expenses on indemnification claim even though there might turn out to be no liability on underlying claim).

Lincoln's prayer for equitable relief also fails to lift it over the hurdle of prematurity. First, it is not clear whether injunctive or other equitable relief is available at all in private civil RICO actions. *See Religious Technology Center v. Wollersheim,* 796 F.2d 1076, 1080–89 (9th Cir.1986) (injunctive relief is not available in private civil RICO actions), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1336, 94 L.Ed.2d 187 (1987). *See also In re Freedman Litigation,* 843 F.2d 821, 830 (5th Cir.1988) (holding that RICO does not authorize injunctive relief against transfer of all defendant's assets in a RICO action for treble damages, but not deciding "whether all forms of injunctive or other equitable relief are foreclosed to private plaintiffs under RICO"); *Trane Co. v. O'Connor Securities,* 718 F.2d 26, 28 (2d Cir.1983) (expressing "serious doubt" as to the "propriety of private party injunctive relief" under RICO); *Dan River, Inc. v. Icahn,* 701 F.2d 278, 290 (4th Cir.1983) ("substantial doubt whether RICO grants private parties ... a cause of action for

equitable relief"); *Northeast Women's Center, Inc. v. McMonagle,* 868 F.2d 1342, 1355 (3rd Cir.) (whether injunctive relief is available in private civil RICO actions "remains an open question in most ... courts"), *cert. denied,* —— U.S. ——, 110 S.Ct. 261, 107 L.Ed.2d 210 (1989).

Even if we assume, however, that a district court may grant equitable relief in a proper case under RICO, this is not a case in which to exercise that power. At present, Lincoln has no better claim to *permanent* equitable relief than it does to damages: both forms of relief are, at best, contingent upon future success in the state court. Lincoln's only arguable basis for *temporary* equitable relief is that Lincoln will suffer undue hardship if Paul Dupre is allowed to hide his assets pending resolution of the state contract action. However, so long as Lincoln's underlying liability claim remains pending and unresolved in the state court, it is inappropriate to use the present federal RICO action as a vehicle for attaching the Dupre property. This would place the federal court in unseemly competition with the state court, which has ample power to effect protective attachments. The record shows that Lincoln has twice unsuccessfully petitioned the New Hampshire state court for attachment of Dupre's assets. Both petitions were denied on the ground that Lincoln had failed to establish a likelihood that it would prevail on its claims in that court. The state court's determination that Lincoln has not shown a likelihood of prevailing in its contract action further supports our conclusion that the RICO claim is unripe. *See Allstate Insurance Co. v. Wayne County,* 760 F.2d 689, 696 (6th Cir.1985) ("A factor highlighted by many courts [in determining whether issues are fit for consideration] is the likelihood that the asserted injury or anticipated events will occur.").

We conclude, therefore, that Lincoln's RICO claim is not ripe for judicial consideration. Whether, in addition, as the district court ruled, Lincoln's RICO claim is defective, is a question we do not reach.

For the reasons stated above, the dismissal of the complaint is affirmed. Ordinary costs to appellees.