**MASSACHUSETTS ASSOCIATION OF AFRO–AMERICAN POLICE, INC.,**
**et al., Plaintiffs, Appellees,**

v.

**The BOSTON POLICE DEPARTMENT,**
**et al., Defendants, Appellees.**

**Boston Police Superior Officers**
**Federation, Intervenor,**
**Appellant.**

**No. 92–1120.**

United States Court of Appeals,
First Circuit.

Heard June 2, 1992.

Decided Aug. 19, 1992.

James F. Lamond with whom Alan J. McDonald and McDonald, Noonan and Lamond, Newton, Mass., were on brief for intervenor-appellant, Boston Police Superior Officers Federation.

Jonathan M. Albano with whom Marianne Meacham, Bingham, Dana & Gould, Alan J. Rom, and Lawyers Committee for Civil Rights, Boston, Mass., were on brief for plaintiff, appellee, Massachusetts Ass'n of Minority Law Enforcement Officers.

William W. Porter, Asst. Atty. Gen., with whom Scott Harshbarger, Atty. Gen., Boston, Mass., was on brief for plaintiff, appellee, Personnel Adm'r of the Massachusetts, Dept. of Personnel Adm'n.

Before SELYA, Circuit Judge, RONEY,* Senior Circuit Judge, and PIERAS,** District Judge.

* Of the Eleventh Circuit, sitting by designation.
** Of the District of Puerto Rico, sitting by designation.

1. MAMLEO is the successor organization to the Massachusetts Association of Afro–American Police which brought the underlying suit. MAMLEO now acts as the plaintiff in this action.

**PER CURIAM:**

The appeal in this racial discrimination case involving the employment and promotion of police officers in the Boston Police Department (BPD) must be dismissed because, to the extent the appellant, Boston Police Superior Officers Federation (Federation), has standing, the challenge to the district court's amendment to a prior consent decree is not ripe for judicial review at this time.

An understanding of the litigation that led to the original consent decree and its amendment in 1991 is of interest but not necessary to the decision on this appeal. The Massachusetts Association of Minority Law Enforcement Officers (MAMLEO),[1] filed the original action in 1978 against the BPD and the Department of Personnel Administration (DPA) alleging unlawful employment, compensation, and promotional practices based on race in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In 1980, the district court approved a consent decree to which all parties agreed.

The consent decree certified a class consisting of all present and future Black officers in the BPD, and established goals and timetables for the promotion of specified numbers of qualified Black officers to the rank of sergeant. The decree also required that the examinations for promotion be validated in accordance with the Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 1607.1 *et seq.*, and required the BPD to provide training for all persons planning to take promotional examinations, with equal access to minority applicants.

After certain intervening procedures and modifications, the MAMLEO challenged the DPA's administration of state-wide police promotional examinations scheduled for June 19, 1991 for sergeants, lieutenants, and captains. After court rulings which, among other things, permitted the

DPA to administer the 1991 exams as scheduled, the parties jointly filed an Agreement to Amend the Consent Decree to settle MAMLEO's challenge to the 1991 exams.

The Federation, an organization representing sergeants, lieutenants, and captains in the police force, was allowed to intervene for the limited purpose of opposing the amendment to the consent decree. The Federation challenges the amendment on this appeal, as it did in the district court, to the extent that it extends the terms of the decree to include promotional examinations for the positions of lieutenant and captain. The Federation maintained that the initial decree and a 1985 modification governed promotions to sergeant positions only and did not cover promotions to lieutenant and captain. It argues that the district court exceeded its authority in applying the consent decree to lieutenants and captains. The merits of that contention are not relevant to our decision that the case is not ripe for review.

Under the terms of the amended decree, the BPD would limit the promotions to the ranks of lieutenant and captain from the eligible lists established from the results of the June 1991 examinations. The BPD had set forth its estimates of the numbers of promotions that its staffing needs and budget constraints would permit during the next year. It agreed that such constraints "will permit the promotion of no more than twenty-five (25) officers to the rank of captain and six (6) officers to the rank of lieutenant and agree[d] that it will not promote more than that number of lieutenants and captains from the 1991 eligible list without plaintiff's consent, or, in the absence thereof, leave of Court."[2]

The Federation challenges the consent decree on behalf of its members who took the 1991 examinations, were put on promotional lists for lieutenant and captain, and might be bypassed because of the consent decree without being fairly considered for an appointment. Until the situation arises, however, where there is a likelihood of a vacancy for an appointment over and above the number of appointments (25 captains, 6 lieutenants) specifically exempted under the consent decree, there is no justiciable issue ripe for decision of whether the consent decree would indeed result in such a person not being fairly considered.

■ Ripeness doctrine is grounded in both Article III concepts and discretionary reasons of policy. The central concern is whether the case involves a merely hypothetical dispute. "The question of ripeness turns on the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n,* 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983) (citation omitted), *quoted in W.R. Grace & Co. v. United States Envtl. Protection Agency,* 959 F.2d 360, 364 (1st Cir.1992). The critical question concerning fitness for review is whether the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all. *See Lincoln House, Inc. v. Dupre,* 903 F.2d 845, 847 (1st Cir.1990). Clearly, the Federation's alleged injury is contingent upon events that may not occur as anticipated or may not occur at all.

■ Any injury to the Federation is contingent upon: 1) a decision by the BPD to promote more than six lieutenants or more

2. The district court recited the "salient features of the Agreement" as follows:
1. Appointment of 85 sergeants from the list of patrolmen who passed the 1991 examination. The BPD will use its best efforts to increase the number of African–American sergeants to 40, which would satisfy its obligations under the consent decree;
2. Appointment of six lieutenants from the 1991 list;
3. Appointment of 35 [sic] captains from the 1991 list;

4. Offering a new state-wide examination for police promotions in June of 1992, with the option to the BPD to offer a special examination for Boston, provided that all such examinations are certified as complying with the Uniform Guidelines on Employee Selection Procedures and the 1991 lists will not be merged with the lists generated by the 1992 examinations; and
5. Termination of the consent decree and of this lawsuit upon the completion of the above.

than 25 captains, and 2) the refusal of both the MAMLEO and the district court to allow an additional promotion to be made from the 1991 lists. We agree with the district court's conclusion that the "Federations's expectation that more than six lieutenants are likely to be appointed before June, 1992, is illusory, to say the very least." The Federation's expectation that the DPA would want to appoint more than 25 captains also is illusory. Thus, the Federation's claim is too hypothetical to be fit for judicial review.

In addition, the Federation has not demonstrated that it will suffer any hardship if judicial consideration is withheld. The Federation can hardly claim hardship since the injury it alleges cannot yet be proven and may never occur. If the contingent events ever do occur, the Federation may then ask the district court to hear its challenge to the amendment. There is no concern that the Federation will lose its right to contest the issues presented on this appeal. Indeed, the district court has stated: "If the situation should change ... I will entertain an application for such further amendment of the decree as the facts warrant." In light of the contingent nature of the injury alleged by the Federation, and the absence of any hardship if consideration is withheld, we hold that the Federation's challenge to the caps in the amended consent decree is not ripe.

■ The amended consent decree further stated that the BPD agreed that its 1992 examinations for the ranks of sergeant, lieutenant, and captain would be of a "significantly different type and/or scope" than the 1991 exams. Upon the DPA's determination that the 1992 exams were significantly different than the 1991 exams, the eligible lists comprised of candidates who pass the 1992 exams would replace the 1991 eligible lists. The lists would not be merged. Because the Federation has not yet acquired any rights in the merged or non-merged lists, the Federation has no standing to contest this provision.

An inquiry into standing generally seeks to determine "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *United States v. AVX Corp.,* 962 F.2d 108 (1st Cir.1992). The plaintiff must allege a personal stake in the outcome of the controversy in order to warrant judicial review and justify the court's use of its remedial powers. *Warth,* 422 U.S. at 498, 95 S.Ct. at 2204–05. The injury alleged must be distinct and palpable, and not abstract or hypothetical. *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984). "A mere interest in an event—no matter how passionate or sincere the interest and no matter how charged with public import the event—will not substitute for an actual injury." *AVX Corp.,* 962 F.2d at 114. *See generally United States v. Students Challenging Regulatory Agency Procedures (SCRAP),* 412 U.S. 669, 687, 93 S.Ct. 2405, 2415–16, 37 L.Ed.2d 254 (1973).

■ The Federation has failed to demonstrate a cognizable injury to its members. The Federation has not shown that the merger provision of the decree will have an adverse impact on its members' legitimate promotional expectations. There is no evidence which establishes that its members will be harmed or affected in any legally meaningful way. The BPD has full discretion to determine the number of promotions which are necessary. The DPA has the authority to agree to design 1992 exams which are significantly different from the 1991 exams and to determine how long to maintain eligibility lists, and when to cancel them. *See* Mass.Gen.L. ch. 31, § 25. Applicants on eligibility lists have no vested interest in the maintenance of the lists for any period of time. *See Stuart v. Roache,* 951 F.2d 446, 455 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1948, 118 L.Ed.2d 553 (1992); *Burns v. Sullivan,* 619 F.2d 99, 104 (1st Cir.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). Having no standing to challenge the merger provision in the district court, the Federation likewise has no standing to pursue this appeal.

■ In any event, the merger issue would not be ripe for judicial decision until the Federation could show that the non-merger would affect the promotion of at least one of its members. Non-merger is contingent upon the DPA's determination that the 1991 and 1992 exams were significantly different. By law, only lists established from promotional examinations "of the same type" may be merged. Mass. Gen.L. ch. 31, § 25. Because the DPA has not yet made any comparison of the two exams, Federation's challenge is too uncertain to merit judicial review. *W.R. Grace & Co. v. United States Envtl. Protection Agency*, 959 F.2d 360, 364–65 (1st Cir.1991). Accordingly, the Federation's challenge to the district court's order amending the consent decree is dismissed. Costs to appellees.

DISMISSED.