2008 ME 103

**Lawrence ROOP et al.**

v.

**CITY OF BELFAST.**

Supreme Judicial Court of Maine.

Argued: May 13, 2008.

Decided: June 24, 2008.

Edmond J. Bearor, Esq. (orally), John K. Hamer, Esq., Rudman & Winchell, LLC, Bangor, ME, for Lawrence & Mia Roop.

William S. Kelly, Esq. (orally), Kelly & Associates, LLC, Belfast, ME, for the City of Belfast.

Terry W. Calderwood, Esq. (orally), Gibbons & Calderwood, L.L.P., Camden, ME, for Dana L. Keene (intervenor).

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

[¶ 1] Lawrence and Mia Roop appeal from a judgment entered in the Superior Court (Waldo County, *Mills, J.*) granting the City of Belfast's motion for summary judgment on the Roops' declaratory judgment action, which alleged that the City's prohibition on amendments to the language of citizen initiative proposals violated the citizen participation requirements of the Growth Management Program Act, 30-A M.R.S. §§ 4312-4350-A (2007). We dismiss the appeal as moot.

[¶ 2] On May 1, 2008, the attorney for the City filed a letter with the Court, which stated that the Belfast City Council eliminated the Searsport Avenue Special Commercial District on April 1, 2008. At oral argument on May 13, 2008, counsel confirmed this fact. As the establishment of the Special Commercial District was at the heart of this appeal, the fact that it no longer exists renders the present appeal moot.

[¶ 3] "Courts can only decide cases before them that involve justiciable controversies." *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239, 1242. Justiciability requires a real and substantial controversy, a controversy that may be resolved through a judgment of the court. *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379 (Me.1996). Mootness is one way in which a controversy may be nonjusticiable. *Id.* at 1379–80. "[I]f the passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy although the case raised a justiciable controversy at the time the complaint was filed," then the case is moot. *Carroll F. Look Constr. Co. v.*

*Town of Beals*, 2002 ME 128, ¶ 6, 802 A.2d 994, 996 (quoting *Halfway House*, 670 A.2d at 1379–80). None of the exceptions to the mootness doctrine apply here. Therefore, we do not reach the merits of the appeal.

The entry is:

Appeal dismissed.