STATE OF MAINE
CUMBERLAND, ss.

SHIRLEY B. DYER,

by and through her Attorneys in fact,

DANA DYER and NADINE
STRONG (formerly FOWLER),

Plaintiff,

v.

RICHARD J. ABBONDANZA

and

HOPKINSON & ABBONDANZA, P.A.

Defendants.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-398
RAC CUM - 3/8/2012

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 0 8 2012

RECEIVED

ORDER

Two motions are before the court: the Defendants' motion to dismiss the Plaintiff's complaint pursuant to M.R Civ. P. 12(b)(6) for lack of justiciable controversy and the Plaintiff's motion to stay the proceedings.

## BACKGROUND

Plaintiff Shirley Dyer (Ms. Dyer) married Ralph Richards (Mr. Richards) in 2001 when Ms. Dyer was 82 and Mr. Richards was 83. (Compl. ¶¶ 20–22.) On September 8, 2005, Ms. Dyer and Mr. Richards met with defendant Richard Abbondanza (Abbondanza) to execute a post marital agreement. (Compl. ¶¶ 7, 30.) Ms. Dyer allegedly involuntarily gave up her right to her spousal elective shares as part of the post marital agreement. She claims that Abbondanza was her attorney for the limited purpose of signing the post marital agreement, but he did not properly represent her interests. (Compl. ¶¶ 29, 37.)

1

Mr. Richards died on March 7, 2010. (Compl. ¶ 46.) His estate is valued at approximately $1.2 million and Ms. Dyer has filed a petition for elective share worth roughly $400,000. (Compl. ¶¶ 47, 49, 50.) This petition is pending before the probate court. "If Ms. Dyer's elective share petition is denied, then she will have lost approximately $400,000 as a direct result of signing the Post Marital Agreement, as well as considerable legal fees she has paid to prosecute her statutory claims." (Compl. ¶ 50.)

Ms. Dyer, by and through her Attorneys in fact, Dana Dyer and Nadine Strong, filed a complaint with this court on September 7, 2011. In the complaint she alleges that Abbondanza committed professional negligence, breached his fiduciary duty to Ms. Dyer, and that his actions were a tortious interference with an expected inheritance. (Compl. Count I, II, III.) The Defendants filed a motion to dismiss the complaint and the Plaintiff filed a motion to stay the proceedings.

## DISCUSSION

### 1. Standard of Review for Motion to Dismiss

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint." *New Orleans Tanker Corp. v. DOT*, 1999 ME 67, ¶ 3, 728 A.2d 673. The court reviews the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quotation marks omitted).

### 2. Justiciability

The Defendants assert that the complaint should be dismissed because it is not justiciable. (Mot. Dismiss 1.) They claim that the action is dependent on the Probate Court's decision regarding the waiver of Ms. Dyer's elective share right. "Unless and

2

until the Probate Court determines that her waiver of her elective share right was invalid, Ms. Dyer has suffered no legally cognizable harm, rendering her Complaint unripe." (Mot. Dismiss 2.) The Plaintiff opposes the motion to dismiss[1] arguing that the motion to stay is a better method for determining the issue. Additionally, she argues, "equity demands that the Motion be denied."[2] (Opp. Mot. Dismiss 1.)

"Courts can only decide cases before them that involve justiciable controversies. 'Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character.'" *Lewiston Daily Sun v. School Admin. Dist. No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239 (quoting *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379 (Me. 1996)); *see also Roop v. City of Belfast*, 2008 ME 103, ¶ 3, 953 A.2d 374 (noting that a "real and substantial controversy" is one "that may be resolved through a judgment of the court."). "'A justiciable controversy is a claim of present and fixed rights, as opposed to hypothetical or future rights, asserted by one party against another who has an interest in contesting the claim.' A decision issued on a non-justiciable controversy is an advisory opinion, which [the court has] no authority to render except on solemn occasions, as provided by the Maine Constitution." *Flaherty v. Muther*, 2011 ME 32, ¶ 87, 17 A.3d 640 (quoting *Connors v. Int'l Harvester Credit Corp.*, 447 A.2d 822, 824 (Me. 1982)).

---

[1] The Plaintiff filed a "surreply to motion to dismiss" on February 24, 2012, although all other filings had been completed by November 7, 2011. In this surreply the Plaintiff noted that she had "inadvertently neglected to advance several arguments in her previous pleading." (Surreply 1.) The Maine Rules of Civil Procedure do not contemplate a surreply or provide any guidance on how the court should treat such a filing. Here, there is no indication that the Plaintiff could not have asserted these arguments in the opposition to the motion to dismiss nor does the Plaintiff explain why the arguments were not asserted at an earlier date. Therefore, the court exercises its discretion to disregard the surreply.

[2] The equity argument ignores the legal basis for the motion and merely asserts that the complaint, which the court must examine in the light most favorable to the Plaintiff, "manifests a very unfair and unacceptable manner of providing legal services, of knowingly wresting a valuable asset from one client in order to transfer it to another, without consideration or even an explanation." (Opp. Mot. Dismiss 2.) Although the Defendants may have treated Ms. Dyer poorly that treatment does not make the claim justiciable.

The First Circuit has found that a cause of action is not ripe if it relies on a hypothetical outcome of a concurrent action. *Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 847 (1st Cir. 1990). In *Lincoln House* the First Circuit upheld the District of New Hampshire's finding that Lincoln's RICO claim was not ripe because the existence of an injury depended on the outcome of a pending state court breach of contract action. *Id.* As this case currently stands, the primary conflict, whether the Defendants' actions caused Ms. Dyer to lose her elective share, is hypothetical. Both parties have admitted that the action regarding these elective shares is unripe. (*See* Mot. Stay 1 ("the instant case may not be ripe since the Probate Court has not yet decided whether the elective share waiver is valid").) If the motion to stay is granted and the Probate Court issues a ruling validating the elective share waiver then this case becomes justiciable. At this point, however, there are no damages and the case is not ripe.

The Plaintiff also argued during the hearing that she experienced emotional distress due to the legal malpractice and, regardless of the Probate Court's findings, she can recover for severe emotional distress caused by the Defendants' actions. In her complaint, however, Ms. Dyer never pled emotional distress. "In modern notice pleading practice, the purpose of the complaint is to provide defendants with fair notice of the claim against them." *Bowen v. Eastman*, 645 A.2d 5, 7 (Me. 1994). Although only generalized statements are needed to meet this standard, the Plaintiff's complaint fails to provide any notice of emotional distress and only discusses the events that occurred and the financial impact of these events. Therefore, the claim for emotional distress does not save this action.

4

3. Statute of Limitations

In the motion to stay proceedings the Plaintiff asked the court to stay the case "so that the Probate Court can make a determination regarding the validity or invalidity of the Plaintiff's elective share waiver." (Mot. Stay 1.) The Plaintiff justifies the motion by pointing out that if the complaint is dismissed it cannot be re-filed since it was originally filed "on the eve of the expiration of the statute of limitations."[3] (*Id.*) The Defendants oppose the stay asserting that the motion would merely toll the statute of limitations. (Reply Mot. Dismiss 2.)

"Statutes of limitation are statutes of repose and . . . should be construed strictly in favor of the bar which it was intended to create and not liberally in favor of a promise, acknowledgement or waiver." *Nuccio v. Nuccio*, 673 A.2d 1331, 1334 (Me. 1996) (quoting *Duddy v. McDonald*, 97 A.2d 445, 446 (Me. 1953)). This strict application of the statute of limitations is applied regardless of the merits of the underlying claim in order to embrace the purpose of the statutes of limitation. As the Law Court explained:

> A successful statute of limitations defense does not reflect on the merits of an action. Statutes of limitations demonstrate a societal choice that actions must be brought within a certain time period because the information about the substance of the action grows stale with fading memories and because of the need to protect people from potential liability on remote claims.

*Palmer Dev. Corp. v. Gordon*, 1999 ME 22, ¶ 11, 723 A.2d 881.

Here, the Plaintiff argues that the Defendant treated her so poorly that the court should work around the statute of limitations in order to serve justice. (Opp. Mot. Dismiss 2.) The claims asserted by the Plaintiff in her complaint are serious, but the merits cannot override the statute. Staying the proceeding would only allow the court

---

[3] The relevant statute of limitations is six years. 14 M.R.S. § 752 (2011) ("all civil actions shall be commenced within 6 years after the cause of action"); 14 M.R.S. § 753-B (2011) ("In actions alleging professional negligence . . . for legal services by a licensed attorney, the statute of limitations starts to run from the date of the act or omission giving rise to the injury, not from the discovery . . . .").

and the Plaintiff the opportunity to inappropriately circumvent the statute of limitations. Therefore, the motion to stay is denied.

**The entry is:**

The Motion to Stay Proceedings is DENIED,

The Motion to Dismiss is GRANTED.

DATE: _March 8, 2012_

Roland A. Cole
Justice, Superior Court

STATE OF MAINE
Cumberland ... ... ...ffice

MAR 08 2012

RECEIVED

6

SHIRLEY B DYER ET AL VS RICHARD J ABBONDANZA ET AL

UTN:AOCSsr  -2011-0088400                    CASE #:PORSC-CV-2011-00398

----------------------------------------------------------------------

SEL VD                            REPRESENTATION TYPE      DATE

01 0000000616 ATTORNEY:KIRCHNER, THEODORE

ADDR:415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600

    F FOR:RICHARD J ABBONDANZA                    DEF        RTND    10/12/2011


02 0000007389 ATTORNEY:WAXMAN, MICHAEL

ADDR:30 CITY CENTER PO BOX 375 PORTLAND ME 04112-0375

    F FOR:SHIRLEY B DYER                           PL         RTND    09/07/2011


03 0000004717 ATTORNEY:HAAG, DARYA I

ADDR:415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600

    F FOR:RICHARD J ABBONDANZA                    DEF        RTND    10/12/2011