MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2014 ME 142
Docket:         Yor-14-199
Submitted
 On Briefs:     December 1, 2014
Decided:        December 18, 2014

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

## STATE OF MAINE

v.

## AARON LOWDEN

ALEXANDER, J.

[¶1]   Aaron Lowden appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) denying his motions for return of bail. Lowden argues that the court erred in failing to return the $500 bail he posted concurrently in two criminal matters because the charges against him were dismissed. Because, in a later criminal matter, the trial court found Lowden partially indigent and ordered that the $500 be applied to any attorney fees his court-assigned attorney earned, and because Lowden received the assistance of that attorney, we affirm.

## I.  CASE HISTORY

[¶2]   During January of 2012, Lowden was charged with two counts of violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2013), and one count of refusing to sign a criminal summons (Class E), 17-A M.R.S. § 15-A(1)

(2013), by two complaints in District Court (Springvale). He posted $500 cash bail concurrently in those matters, and moved for and was assigned an attorney after the court found him indigent.

[¶2] While released on bail, Lowden was arrested and later indicted on one count of aggravated trafficking of scheduled drugs (Class A), 17-A M.R.S. § 1105-A(1)(B)(1) (2013) in the Superior Court (York County). Lowden transferred his misdemeanor charges to the Superior Court.

[¶3] Lowden moved for an assignment of counsel in the aggravated trafficking matter, averring in his affidavit that he had posted $500 cash bail. The court granted the motion, finding that Lowden was partially indigent and ordering that, upon its release in the other matters, the $500 bail he posted previously be applied to his attorney fees. The court assigned the same attorney who was representing him on the earlier charges as counsel in the felony matter.

[¶4] Lowden received assistance from his assigned counsel on all of his charges, including at a jury trial for the aggravated trafficking charge. Following an appeal in which Lowden was represented by his court-assigned attorney, we vacated his conviction, and he was acquitted of the aggravated trafficking charge. *See State v. Lowden*, 2014 ME 29, ¶¶ 2, 24, 87 A.3d 694. Lowden's Class E charges were ultimately dismissed.

[¶5] Subsequently, Lowden filed two motions for return of bail, requesting the return of his $500 cash bail in the Class E matters.[1] The court (*Fritzsche, J.*) denied the motions, stating that the court had ordered the bail to be applied to counsel fees. Lowden filed this timely appeal.

## II. LEGAL ANALYSIS

[¶6] Rule 44 of the Maine Rules of Criminal Procedure requires that the trial court, before assigning a defendant counsel at state expense, determine whether he or she is indigent or partially indigent. M.R. Crim. P. 44(b). The court is required to consider "the availability and convertibility of any assets owned by the defendant." *Id.* If the court finds a defendant is able to pay some of his or her attorney fees, the court may "condition its [assignment of counsel] on the defendant's paying to the court a specified portion of the counsel fees." *Id.* We review a trial court's application of the Maine Rules of Criminal Procedure de novo, *State v. Johnson*, 2006 ME 35, ¶ 9, 894 A.2d 489, and review findings of fact that determine the applicability of the Rules for clear error, *c.f. Bd. of Overseers of the Bar v. Warren*, 2011 ME 124, ¶ 25, 34 A.3d 1103. "Factual

---

[1] Lowden also requested the return of a twenty-five dollar fee taken for the Victim's Compensation Fund after Lowden's conviction and before his successful appeal. Although the trial court initially denied Lowden's motions without mentioning the twenty-five dollar fee, in a later order the court wrote: "[i]f [Lowden] has paid $25.00 for a conviction that was reversed that amount should be returned to him." The docket record suggests that a twenty-five dollar "reimbursement (refund)" was mailed to Lowden, and that the prior payment by Lowden was voided. Therefore, any error on the court's part in its first order denying the motion as to the twenty-five dollar fee has since been corrected, and is moot on appeal. *See Roop v. City of Belfast*, 2008 ME 103, ¶ 3, 953 A.2d 374.

4

findings are not clearly erroneous if supported by competent evidence." *Woodworth v. Gaddis*, 2012 ME 138, ¶ 12, 58 A.3d 1109.

[¶7] Here, Lowden averred in the affidavit he filed with his second request for counsel that he had posted $500 bail in his earlier criminal matters. Rule 44(b) required the court to consider all of Lowden's assets, including any bail he already posted, should that bail money become available, in determining whether he was entitled to court-appointed counsel. Therefore, the court's finding that Lowden was partially indigent was supported by competent evidence in the record, and thus was not clearly erroneous. Based on that finding, Rule 44(b) authorized the court to require Lowden to pay to the court all or part of his attorney fees and to condition the order of appointment on that obligation.[2] Therefore, the trial court's order that Lowden's bail money be applied to his attorney fees was proper.

[¶8] Contrary to Lowden's contentions, that he was eventually acquitted of the aggravated trafficking charge and that his other charges were dismissed does not mean that he is relieved from any obligation to pay the ordered portion of his attorney fees. As the trial court noted, he received the able assistance of counsel, and the court properly ordered that his bail be applied to his attorney fees. The

---

[2] Bail posted *after* appointment of counsel may also be applied to cover a defendant's attorney fees if it becomes available.

court's subsequent denial of Lowden's motion for return of bail did not constitute an error of law.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Aaron S. Lowden, appellant pro se

Kathryn Loftus Slattery, District Attorney, and Anne Marie Pazar, Esq., Prosecutorial District # 1, Alfred, for appellee State of Maine

York County Superior Court docket number CR-2012-383
FOR CLERK REFERENCE ONLY