**Gordon M. JAMES, et al.[1]**

v.

**INHABITANTS OF the TOWN OF WEST BATH.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1981.

Decided Dec. 8, 1981.

1. The caption has been corrected to reflect the March 1980 dismissal of the Marine Wormdiggers Association as a plaintiff in this action.

   The Attorney General of the State of Maine requested and was granted leave to appear as amicus curiae in support of plaintiffs' contention that the local ordinance was preempted by the State regulation.

Criminal sanctions were provided for digging worms without a license or in closed areas.

Marine resources including marine worms, are also regulated in 12 M.R.S.A. Part 9, with 12 M.R.S.A. § 6751 (Supp.1980) specifically establishing a $10.00 license fee for individuals who engage in marine worm digging. In Section 6171 the Commissioner of Marine Resources is empowered to adopt such regulations as he deems necessary to promote the conservation and propagation of marine organisms and to protect them from depletion.

Plaintiffs filed a complaint in Superior Court (Sagadahoc County) alleging that the West Bath ordinance intruded on the State's power to regulate marine resources. They sought a declaration that the ordinance was null and void and an injunction against its enforcement.

■ Plaintiffs moved for summary judgment pursuant to M.R.Civ.P. 56(a). The motion was accompanied by an affidavit of plaintiff Gordon James,[2] a marine worm digger who holds a state license and had dug worms in West Bath until March 1980 when he was informed he would be prosecuted if he continued to dig there without a municipal license. The Superior Court granted plaintiffs' motion for summary judgment, declaring the West Bath Worm Digging Ordinance null and void "because said ordinance is not authorized by any statute or the Home Rule Amendment to the Constitution of Maine, and because the State has not otherwise delegated its power to regulate and control its marine resource-marine worms." We affirm the judgment of the court.

Robert N. Moore, Pine Tree Legal Assistance (orally), Lewiston, James E. Tierney, Atty. Gen., Elizabeth R. Butler, Asst. Atty. Gen., Augusta, for plaintiffs.

Roger R. Therriault (orally), Bath, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

This appeal raises the question of the validity of a Worm Digging Ordinance enacted by the Town of West Bath in March 1980. The ordinance prohibited all persons from digging worms in the tidal flats in the Town without obtaining a $25.00 license. Under the ordinance the Selectmen of the Town could also regulate worm digging, closing digging areas if they found it necessary to protect the flats or marine wild life.

The issues raised by this appeal are whether the individual plaintiffs remaining after the dismissal of the Association had standing to challenge the validity of the ordinance and whether the State statute

---

2. Defendants also contest the validity of plaintiffs' supporting affidavit on the grounds that it fails to allege that the matters therein are based on the affiant's personal knowledge and further that there is no affirmative showing that affiant is competent to testify to the mat-

ters in the affidavit. We find the affidavit legally sufficient because it is apparent from the document that James speaks from personal knowledge. *Dineen v. Star Press, Inc.*, Me., 391 A.2d 834 (1978).

preempted enactment of the local ordinance.[3]

*Standing*

■ Defendants contend that the individual plaintiffs lack standing to challenge the West Bath Worm Digging Ordinance because they have not alleged a particularized injury, as required by *Fitzgerald v. Baxter State Park Authority*, Me., 385 A.2d 189, 197 (1978). This is a hollow assertion, however.

Plaintiffs are worm diggers who derive a significant portion of their incomes from digging worms. As we have previously stated, "[g]enerally speaking, those persons engaged in a business directly affected by a statute are considered to have a sufficient interest to create a justiciable issue when contesting the statute's validity." *National Hearing Aid Centers, Inc. v. Smith*, Me., 376 A.2d 456, 458–59 (1977). More important in this case, however, is the fact that plaintiffs have been threatened with prosecution if they should violate the ordinance. The United States Supreme Court has held, and we agree, that when declaratory relief is available as a procedural matter, a person whose activities are regulated with the imposition of criminal penalties for failure to comply has standing to challenge such regulation and need not undergo a criminal prosecution before being able to seek relief. *Planned Parenthood of Central Missouri v. Danforth*, 428 U.S. 52, 62, 96 S.Ct. 2831, 2837, 49 L.Ed.2d 788 (1976); *Doe v. Bolton*, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973).

*Preemption*

Defendants assert that the West Bath Worm Digging Ordinance is a valid enactment under the Home Rule Amendment to the Maine Constitution which provides:

> The inhabitants of any municipality shall have the power to alter and amend their charters on all matters, not prohibited by Constitution or general law, which are local and municipal in character. The Legislature shall prescribe the procedure by which the municipality may so act.

Constitution of Maine, Art. VIII, Part Second, § 1.

■ Although the Home Rule provisions are to be liberally construed, 30 M.R.S.A. § 1920 (1978), one of the implementing statutes for the amendment provides that municipalities may exercise only that power "which is not denied either expressly or by clear implication." 30 M.R.S.A. § 1917 (1978).[4] Part nine of 12 M.R.S.A. nowhere expressly denies to municipalities the power to regulate marine worms. To determine whether such power is denied by clear implication, it is necessary to analyze the legislative history and underlying intent of the parallel statutory enactment. *Schwanda v. Bonney*, Me., 418 A.2d 163, 165 (1980). Our review of the legislative history and intent of 12 M.R.S.A. § 6751 (Supp.1980) and the surrounding statutory structure indicates that the legislature has occupied the regulatory field for marine worm digging. Our conclusion is bolstered by an examination of our common law both before and after the Home Rule Amendment. A consistent theme in the decisional law is the concept that Maine's tidal lands and resources, including marine worms, are held by the State in a public trust for the people of the State:[5]

> Any municipality may, by the adoption, amendment or repeal of ordinances or by-laws, exercise any power or function which the Legislature has power to confer upon it, which is not denied either expressly or by clear implication and exercise any power or function granted to the municipality by the Constitution, general law or charter.

---

**3.** Defendants also contend that summary judgment was inappropriate in this case because there remained a material question of fact as to whether or not the West Bath ordinance related to a subject that was local or municipal in character. We need not address that issue because our first inquiry is whether, as a matter of law, the State statute preempts the local ordinance. Since our answer is yes, summary judgment was appropriate and the inquiry need proceed no further.

**4.** Section 1917 reads in pertinent part:

**5.** The continued vitality of the public trust doctrine was recently reaffirmed in *Opinion of the Justices*, Me., 437 A.2d 597 (1981).

[T]his state, unless it has parted with title, owns the bed of all tidal waters within its jurisdiction as well as such waters themselves so far as they are capable of ownership, and has full power to regulate and control fishing therein for the benefit of all the people.

*State v. Lemar,* 147 Me. 405, 408, 87 A.2d 886, 887 (1952). *See also, State v. Norton,* Me., 335 A.2d 607, 610 (1975).

Undoubtedly the Town of West Bath has a substantial interest in this particular marine resource. That fact, however, does not justify the extension of municipal authority to permit local regulation of marine worms. The State of Maine has preempted the field and there has been no delegation of that exclusive regulatory power to the municipalities. Any change in the regulatory scheme must be legislative in origin. The West Bath Worm Digging Ordinance is an invalid exercise of municipal power.

The entry is:

Judgment affirmed.

All concurring.