**In re Dennis FAUCHER.**

Supreme Judicial Court of Maine.

Argued May 9, 1989.

Decided May 26, 1989.

Jeffrey A. Smith (orally), Cote, Cote, Hamann & Smith, Lewiston, for plaintiff.

Linda Crawford, Linda Conti (orally), Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Petitioner Dennis Faucher appeals from an order of the Superior Court (Kennebec County) affirming an order of involuntary commitment to Augusta Mental Health Institute (AMHI) entered in the District Court (Augusta, *Perry, J.*). Petitioner seeks to raise a very narrow evidentiary issue on appeal. The State argues that because petitioner was discharged from AMHI before the appeal was heard, the Superior Court should have granted the State's motion to dismiss the appeal as moot. We conclude that the matter is moot and that the Superior Court erred in failing to dismiss.

The relevant facts may be briefly summarized as follows: On April 20, 1988, petitioner was admitted to AMHI on emergency involuntary status. He had previously been hospitalized at AMHI on a number of occasions. Shortly after his admission, application was made pursuant to 34–B M.R.S.A. § 3863(5)(B) (1988 & Supp.1988–1989) for a hearing in the District Court regarding continued involuntary commitment. The District Court appointed two licensed clinical psychologists to examine the patient and to make a written report as to whether he was mentally ill and, if so, whether his illness posed a likelihood of serious harm. At the hearing, both psychologists testified that petitioner had been diagnosed as a schizophrenic, opined that he was dangerous, and recommended commitment. In addition, the State presented a licensed psychological examiner who tes-

tified with regard to petitioner's condition and treatment. Following the hearing, the District Court ordered that petitioner be hospitalized at AMHI for a period not to exceed eight weeks. Petitioner appealed the District Court's order of involuntary commitment to the Superior Court but petitioner was discharged before the appeal was heard. An Assistant Attorney General, acting on behalf of AMHI, moved to dismiss the appeal on the grounds of mootness. The Superior Court (*Alexander, J.*) denied the motion without explanation. Following a hearing on the merits, the Superior Court (*Brody, C.J.*) denied the appeal and affirmed the District Court's order of commitment. This appeal followed and the State renews its claim of mootness.

We have previously held "that courts should decline to decide issues which by virtue of valid and recognizable supervening circumstances have lost their controversial vitality. Such cases are moot." *State v. Gleason,* 404 A.2d 573, 578 (Me. 1979). The test for determining mootness is "whether there remain sufficient practical effects flowing from the resolution of this litigation to justify the application of limited judicial resources." *Id.* The application of this test to specific factual circumstances has yielded three well-recognized exceptions to the rule of mootness.

First, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief. Second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public. Third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting or determinate nature, may appropriately be decided.

*Id.* (citations omitted).

The record before us demonstrates no collateral consequences of significance nor any question of great public interest. It is entirely possible that error in a commitment proceeding could escape review because of the brief length of the commit-

ment. It is most unlikely, however, that the specific issue in the present case will be repeatedly presented. Petitioner asserts that the examination conducted by one of the clinical psychologists was deficient and that the testimony of the other was deficient. He argues that the court necessarily relied upon the testimony of the examining psychologist in violation of 34–B M.R.S.A. § 3864(4) which requires that examinations be conducted by either a licensed physician or a licensed clinical psychologist. Even if we assume that his assertions are correct, the repetition of such a scenario is unlikely. Accordingly, there is no reason to deviate from the prudential rule that requires a court to stay its hand when a case loses controversial vitality.

The entry is:

Judgment of affirmance vacated.

Remanded to the Superior Court for the entry of an order dismissing the action as moot.

All concurring.