**Kermit G. FOSTER, Jr.**

v.

**Arthur BLOOMBERG.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 17, 1995.

Decided April 13, 1995.

---

**1.** Section 8104(1)(G) is substantially the same as the current version of the statute at section 8104– A(1)(G).

Lisa J. Friedlander, Smith & Kimball, P.A., Harrison, for plaintiff.

Arthur Bloomberg, Fryeburg, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant, Arthur Bloomberg, appeals *pro se* from a writ of possession issued by the Superior Court (Cumberland County, *Bradford, J.*) on a judgment entered in the District Court (Bridgton, *Donovan, J.*), in a forcible entry and detainer (FED) action. Finding no defect in the service of process, we dismiss the appeal for mootness because defendant has vacated the premises.

Plaintiff, Kermit G. Foster, Jr., brought an FED complaint against defendant in October of 1993. Defendant had last paid rent in February of 1992 for premises he rented from plaintiff. Defendant was served on October 5, 1993 with a summons and complaint with a return date of October 12, 1993. After a hearing on October 12, 1993, the District Court found for plaintiff and directed that a writ of possession issue. Defendant filed motions for relief from judgment and for stay of issuance of the writ of possession, which the court denied. Defendant appealed to the Superior Court which found no sufficient reason to stay the issuance of a writ of possession pending disposition of the appeal, and ordered that the writ issue. Defendant appealed to this Court. Upon motion for relief pending judgment filed by plaintiff, we ordered that any further stay of execution of the writ of possession be conditioned on defendant paying rent into an escrow account. We subsequently ordered that the stay be dissolved and that execution proceed because defendant failed to make the required payments.

■ Plaintiff argues that defendant's appeal is moot. Before addressing that issue, however, we first address the defense of insufficient service of process. The District Court rejected defendant's argument that he did not receive proper notice.

Defendant was served with the FED summons and complaint on Tuesday, October 5, 1993. The return day was Tuesday, October 12, at 8:30 a.m. M.R.Civ.P. 80D(b) states that "[t]he summons in [FED] actions shall ... state the day when the action is returnable, which shall be not less than 7 days from the date of service of the summons." Defendant essentially argues that seven days equal seven twenty-four-hour periods. The day of service is not included in the computation of the seven days. M.R.Civ.P. 6(a). The last day of the period is to be included unless it is a Saturday, Sunday, or legal holiday. M.R.Civ.P. 6(a). Counting from Wednesday, October 6, through the return day, Tuesday, October 12, gives a total of seven days. The fact that service may have been in the after-

noon, and thus the actual 24–hour periods were less than seven is not determinative here because Rule 80D(b) requires a minimum of seven days "from the date of service of the summons." Also, contrary to defendant's assertions, the Rule 6(a) provision that "[w]hen the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation" does not apply because the period of time prescribed by Rule 80D(b) is a minimum of seven days. The District Court correctly rejected the service of process defense.

■■■ Plaintiff urges us to dismiss defendant's appeal because defendant was evicted from the premises. "It is a fundamental appellate principle that this Court ... will not consider an appeal that has become moot except in extraordinary circumstances...." *Jones v. York,* 444 A.2d 382, 385 (Me.1982) (dismissing defendant's appeal of FED judgment for mootness where defendant had voluntarily removed himself from disputed premises before issuance of writ of possession). The test for mootness is whether sufficient practical effects flowing from resolution of the litigation remain so as to justify applying limited judicial resources. *In re Faucher,* 558 A.2d 705, 706 (Me.1989); *State v. Gleason,* 404 A.2d 573, 578 (Me.1979). An FED proceeding is a summary proceeding to determine the single issue of who is entitled to the immediate possession of the property. *See* 14 M.R.S.A. § 6001–6013 (1980 & Supp. 1994); *Rairdon v. Dwyer,* 598 A.2d 444, 445 n. 3 (Me.1991); *Tozier v. Tozier,* 437 A.2d 645, 647 (Me.1981). In this case, because the writ of possession issued and defendant no longer is in possession of the property, this appeal is moot. *See Rairdon,* 598 A.2d at 445 n. 3 ("[O]nce the unstayed writ of possession turned the premises over to the Rairdons to the exclusion of the Dwyers, no further issue remained to be tried between the parties in this forcible entry and detainer action."). None of the exceptions to the mootness rule apply to the circumstances of this case.[1]

The entry is:

Appeal dismissed.

All concurring.

---

1. We have recognized three exceptions to the rule of mootness:

   First, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief. Second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public. Third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting or determinate nature, may appropriately be decided.

   *In re Faucher,* 558 A.2d at 706 (quoting *Gleason,* 404 A.2d at 578) (citations omitted).