**HALFWAY HOUSE, INC.,**
**d/b/a Pharos House**

v.

**CITY OF PORTLAND, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1995.
Decided Feb. 5, 1996.

1378

John E. Nale (orally), Portland, for Plaintiff.

Natalie L. Burns (orally), City of Portland, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Halfway House, Inc., a Maine nonprofit corporation doing business as Pharos House, appeals from judgments entered in the Superior Court (Cumberland County, *Brennan, J.*). The judgment on Count I affirmed the decision of the Portland Planning Board denying Pharos House's application for a conditional use permit and alternative site plans. The judgment on Counts II and III held Pharos House lacked standing to seek a declaratory judgment that the amendment to Portland's zoning ordinance precluding the placement of pre-release facilities in the city's residential zones is unconstitutional. Because we conclude that Pharos House's appeal from the Planning Board's action is moot, we vacate the Superior Court's judgment and remand with instructions to dismiss Count I of Pharos House's complaint. Because we conclude that Pharos House has standing to challenge the constitutionality of the amendments to the City's zoning ordinance, we vacate the Superior Court's dismissal of Counts II and III of Pharos House's complaint and remand for further proceedings.

Pharos House was established to provide housing and transition services to Federal pre-release prisoners and parolees. It currently operates one such facility in Portland. In May of 1993, conditioned on its ability to obtain a conditional use permit, Pharos House agreed to purchase a single family home in Portland, intending to convert this house into a sheltered group care facility for correctional referrals. Pharos House's application for a conditional use permit and related site plan application were denied by the Portland Planning Board. On the same day the Portland City Council (City Council) amended Portland's zoning ordinance to prohibit the location of privately owned pre-release facilities anywhere in the City of Portland.

The Superior Court affirmed the Planning Board's denial of the conditional use site plan applications and held that Pharos House lacked standing to challenge the amendment to Portland's zoning ordinance. Pharos House seasonably filed its notice of appeal but after numerous extensions of time to permit Pharos House to obtain the requisite permits, the sellers of the property subject to Pharos House's applications declined further extensions and returned Pharos House's earnest money deposit.

■ This case presents several threshold issues of justiciability. "'Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character....'" *Hatfield v. Comm'r of Inland Fisheries,* 566 A.2d 737, 739–40 (Me.1989) (quoting *Connors v. International Harvester Credit Corp.,* 447 A.2d 822, 824 (Me.1982)).

*Mootness*

The City first argues that Pharos House "lacks standing" to challenge the Planning Board's decision because Pharos House, due to the buyer's rejection of Pharos House's offer, no longer possesses any "right, title, or interest" in the property that was the subject of those decisions. Pharos House counters that it has "standing" because it possessed the requisite "right, title, or interest" at the outset of the litigation and lost that interest only after this appeal was filed.

■ Both parties confuse the concept of standing with the concept of mootness. Standing to sue means that the party, at the commencement of the litigation, has sufficient personal stake in the controversy to obtain judicial resolution of that controversy. *See Sierra Club v. Morton,* 405 U.S. 727, 731, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). Mootness, on the other hand, "is the doctrine of standing set in a time frame: The requisite personal interest that [existed] at the commencement of litigation (standing) must continue throughout its existence (mootness)." Henry P. Monaghan, *Constitutional Adjudication: The Who and When,* 82 YALE L.REV. 1363, 1384 (1971). There is no question that this dispute presented a case or controversy at the time of filing. Pharos House had entered into a binding purchase and sale agreement made contingent on its ability to obtain a conditional use permit, and Portland allegedly had denied improperly the requisite permit. A case, however, may become moot, and hence not justiciable, if the

passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy although the case raised a justiciable controversy at the time the complaint was filed. *Good Will Home Ass'n v. Erwin,* 285 A.2d 374 (Me.1971). Thus, Pharos House's challenge to the Planning Board's decisions, if nonjusticiable, is nonjusticiable for reasons of mootness, not standing.

> For public policy reasons deeply embedded in the history and nature of courts, the Law Court decides only questions of live controversy, and not hypothetical, abstract, or moot questions. The demands upon this court are too heavy for it to commit any of its limited resources of time and effort to reviewing the legal correctness of action below at the behest of a person to whom our decision in no alternative will make any real difference.

*Sevigny v. Home Builders Ass'n,* 429 A.2d 197, 201 (Me.1981) (citations omitted).

■ We review for mootness by examining the record to determine "whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources." *Employee Relations v. Labor Relations Bd.,* 655 A.2d 326, 327–28 (Me.1995) (citations omitted). Even when the case is technically moot, we have recognized three exceptions to the mootness doctrine and may reach the merits of the case if (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and public we may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature. *Foster v. Bloomberg,* 657 A.2d 327, 329 n. 1 (Me.1995) (quoting *In re Faucher,* 558 A.2d 705, 706 (Me.1989)). None of these three exceptions to the mootness doctrine apply to the circumstances of this case.

■ Pharos House currently owns no interest in the property for which it sought the conditional use permit. Without any possibility of effective relief resulting from our decision, any resolution of the issues presented by Pharos House's appeal of the Board's decisions would be merely advisory. Therefore, we vacate the Superior Court's judgment with respect to the Board's decisions and remand for dismissal of Count I of Pharos House's complaint.

*Standing*

The second issue of justiciability concerns the Superior Court's dismissal without prejudice of Counts II and III of Pharos House's complaint. In these two counts Pharos House challenged the constitutionality of the City's allegedly exclusionary amendment to its zoning ordinance and alleged a cause of action against the City under 42 U.S.C. § 1983. In dismissing these counts, the Superior Court found that Pharos House lacked standing because Pharos House had not alleged they had suffered or would suffer any direct personal injury as a result of the amendment's operation or enforcement. We disagree.

■ "In the case law of Maine ... 'standing to sue' has been applied in varying contexts causing it to have a plurality of meanings." *Walsh v. City of Brewer,* 315 A.2d 200, 205 (Me.1974). The "gist of the question of standing" is whether the party seeking review has a sufficient personal stake in a justiciable controversy to assure the existence of that "concrete adverseness" that facilitates diligent development of the legal issues presented. *See Flast v. Cohen,* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968) (quoting *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)). *See also Christy's Realty Ltd. Partnership v. Town of Kittery,* 663 A.2d 59, 61 (Me.1995) (standing exists where party makes a reasonable allegation of a potential particularized injury); *Smith v. Allstate Ins. Co.,* 483 A.2d 344, 346 (Me.1984) (party to have standing to seek a declaratory judgment must have a sufficiently substantial interest); *Brann v. State,* 424 A.2d 699, 702 (Me.1981) (party to have standing must demonstrate actual deprivation). Thus, the doctrine of standing serves to limit access to the courts to those best suited to assert a particular claim.

■ Zoning ordinances and other governmentally imposed restrictions on the allowable uses of land may affect a wide variety of different groups: property owners subject to the restriction, persons with restricted opportunities to move into or acquire interests, developers or other businesses whose prospective business activities have been barred or interfered with by the restriction. In appropriate circumstances, each of these groups may have standing. In terms most applicable to Pharos House's circumstances, we have held that economic injury (or its prospect) from government action is sufficient to confer standing. *James v. Town of West Bath*, 437 A.2d 863, 865 (Me.1981) (quoting *National Hearing Aid Ctrs., Inc. v. Smith*, 376 A.2d 456, 458–59 (Me.1977)).

"[T]hose persons engaged in a business directly affected by a statute are considered to have a sufficient interest to create a justiciable issue when contesting the statute's validity." *Id.* Pharos House's business is the operation of pre-release facilities in Portland. The City's amended ordinance excluding such homes from residential zones directly affects Pharos House's ability to expand its operations in Portland. Thus, any future project that Pharos House might contemplate undertaking is demonstrably prevented by the restriction it now challenges.

The City's reliance on our decisions that require a party to have a "right, title or interest" in the property to challenge a municipal land use ordinance as support for the propriety of the Superior Court's dismissal is misplaced. In *Walsh v. City of Brewer*, 315 A.2d 200 (Me.1974), and again in *Tisei v. Town of Ogunquit*, 491 A.2d 564 (Me.1985), we found that a potential plaintiff lacked standing because they had no "right, title, or interest," in property subject to the challenged order and, therefore, lacked the requisite "stake" in the proceedings. As discussed previously, however, right, title or interest in affected property, is simply one, and not the exclusive means of establishing a standing to sue in litigation involving exclusionary zoning ordinances. Restricting standing in exclusionary zoning cases to only those parties with a possessory interest in property affected by the ordinance would

present excluded groups with a "Catch 22" situation: the more severely and successfully exclusionary a challenged ordinance is, the more difficult it would be for an excluded group to establish standing. In this case, while lacking "right, title or interest" in a particular piece of property impacted by the amended ordinance, Pharos House still has standing to sue as a result of the direct affect the amended ordinance will have on its ability to expand its business in Portland.

When liberally construed, Pharos House's complaint is sufficient to withstand dismissal. The complaint indicates that Pharos House is in the business of running pre-release facilities, is intent on expanding its operation and that the Portland Ordinance as amended precludes any such expansion. Thus, Pharos House alleges a sufficient interest to confer on them standing to challenge the constitutionality of amendment to the zoning ordinance. Having determined that the Superior Court improperly dismissed these counts, we vacate the dismissal and remand the case for further proceedings.

The entry is:

Judgment as to Count I of Pharos House's complaint is vacated and remanded to the Superior Court for entry of an order of dismissal; judgment as to Counts II and III is vacated and remanded to the Superior Court for further proceedings.

WATHEN, C.J., and CLIFFORD, DANA, and LIPEZ, JJ., concurring.

GLASSMAN, Justice, with whom ROBERTS, Justice, joins, concurring in part and dissenting in part.

Although I agree with the Court as to its disposition of Count I of the Pharos House complaint, I must respectfully dissent from that part of the Court's decision relating to the trial court's dismissal without prejudice of Counts II and III of the Pharos House complaint. By Count I of its complaint, the Pharos House sought review of the Planning Board's denial of its conditional use permit. By Count II of its complaint, Pharos House sought a declaration that the amended ordinance constituted a taking of Pharos House's property rights without due process of law.

By Count III, it sought costs, interest and an award of reasonable attorney fees pursuant to 42 U.S.C. § 1983 for the violation of its constitutional rights by the City as alleged in Count II.

The trial court determined that because "[t]he Planning Board's decision to deny the conditional use permit was not based on the amended zoning ordinance [and] [t]hus, Pharos House is not affected by the amended ordinance in a specific way that creates a 'case or controversy'" and, accordingly, dismissed Counts II and III without prejudice. A fair reading of the trial court's decision reveals that, after the court in affirming the denial determined that the Board's denial of the permit was not based on the amended ordinance, it properly determined that in the context of the case before it there was no remaining justiciable issue presented by Pharos House in Counts II and III of its complaint. I would affirm the trial court's judgment as to Counts II and III.