STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-00-090
NM-Cum- 11/1/2000

DR. PHILMOORE CORPORATION,

Plaintiff

vs.

SCITTERYGUSSET HOMEOWNERS
ASSOCIATION, et al.,

Defendants

ORDER ON DEFENDANTS'
MOTION TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

NOV 14 2000

The defendants seek a dismissal of plaintiff's complaint and argue that the plaintiff has no standing for bringing the action and the plaintiff has not joined necessary parties. The court cannot decide the issues presented based on this record. See Munjoy Sporting & Athletic Club v. Dow, 2000 ME 141, ¶ 16, 755 A.2d 531, 539. The plaintiff's option to purchase real property has not been provided. See Complaint, ¶ 3. The court has no basis to determine the owner of the property benefitting from the alleged easement, the names of the owners whose property is alleged to be burdened by the easement, and persons holding mortgages or liens on the burdened properties. See, e.g., Defendant Hedman, et al. Memorandum in Support of Defendants' Motion to Dismiss at 4. No affidavits have been presented to the court. The parties rely on facts that are not part of the record. See Tisei v. Town of Ogunquit, 491 A.2d 564, 568 (Me. 1985) ("affidavits before this court demonstrate that plaintiffs . . . lack any legal interest in the property that they sought to develop.").

The entry is

The Defendants' Motions to Dismiss are DENIED.

Date: November 1, 2000

Nancy Mills
Justice, Superior Court

Date Filed __07-28-00__    __CUMBERLAND__    Docket No. __RE 00-090__
County

Action __FORECLOSURE__

DR. PHILMOORE

SCITTERYGUSSETT HOMEOWNERS ASSOCIATION adka
SCITTERY GUSSET HOMEOWNERS

HOME CONSTRUCTION & FINANCE
BETH D. WELLER    JOHN R. HEATH
CORY D. HEDMAN    JEFFREY T. EASTMENT
KATHERINE HEDMAN    MICHAEL IANNO
dismissed CRAIG WINSLOW    KELLY WEISS
dismissed LAURIE WINSLOW    MICHELLE A. BERNARD
ESTHER E. PROSSER    WILLIAM PROSSER
vs. DEBORAH R. ATWOOD

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| WILLIAM S. KANY ESQ 282-1527 | ANDREW SPARKS ESQ. (HEDMANS) |
| PO BOX 1179, SACO ME 04072 | FRANK K.N. CHOWDRY ESQ (ALL OTHER DEF) |

Date of

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION NO.
RE-00-090
ℝℝℂ -ℂℯℒℳ- 5/30/2002

DR. PHILMOORE,                    )
    Plaintiff                 )
                              )
                              )
v.                                )        **ORDER AND JUDGMENT**
                              )
SCITTERYGUSSETT                   )
HOMEOWNERS ASSOCIATION,           )
et al.,                           )
    Defendants                )

DONALD L. GARBRECHT
LAW LIBRARY

JUN 18 2002

The matter before the court is the defendants' Motion for Summary Judgment on all counts of the plaintiff's Complaint and on Count II of their Counterclaim, and the defendants' Motion to Strike Expert Testimony. For the following reasons, the Motion for Summary Judgment is denied and the Motion to Strike is denied.

## BACKGROUND

This action concerns rights and interest in real property situated in Falmouth, Maine lying north of Middle Road, and abutting Scitterygussett Drive. The plaintiff, Dr. PhilMoore ("PhilMoore"), is a Maine Corporation which, although it has no publicly-recorded interest, owns an option to purchase real property owned by Richard Hinds ("Hinds") lying north of the Subdivision.[1] The defendants are the individual property owners, those that are in possession of the individual property lots, and the representative homeowners' association of the lots lying within the Subdivision. Hinds has not been joined as a party to this action.[2]

---

1. The option to purchase states that it:

is subject to [PhilMoore's] obtaining an easement from an abutter for access sufficient to allow the construction of a single family dwelling. The parties acknowledge that said property is landlocked at present and litigation by [PhilMoore] . . . may be necessary to obtain said easement.

2. Defendants' mortgage holders have not been listed as parties. The property owners at the intersection of Scitterygussett Drive and Middle Road have not been listed as parties. The Town of Falmouth, which owns the road through the Subdivision, and the owners of Lot 4, Jack and Joyce Spradley, have not been named as parties in this action.

1

Hinds and the defendants derive their respective titles in the Subdivision and Hinds Property from a common grantor, Albert Merrill ("Merrill"). In 1841, Merrill conveyed property including the Subdivision to William and Samuel Stone by warranty deed. In that deed, Merrill reserved a right to cross over the conveyed lot from his remaining land to the "county road from Falmouth to Portland" for purposes of "hauling wood, timber, bark and stones . . . and such other purposes as may be necessary" (hereinafter the "Right of Way").

The conveyed lot is a present-day nine-lot subdivision developed by defendant Craig Winslow ("Winslow"), who acquired the property in November 1993. The remaining land is the present-day Hinds Property. The "county road from Falmouth to Portland" is present-day Middle Road in Falmouth. Scitterygussett Drive, a public roadway, traverses through the subdivision, and, on one end, connects with Middle Road, and on the other, runs to within a short distance from the southerly boundary line of the Hinds Property. Lying between Scitterygussett Drive and the southerly boundary line of the Hinds Property are private lots owned by some of the defendants, and common areas owned by the defendant homeowner association.

In July 2000, PhilMoore filed this action against the defendants asking for a judgment declaring that the Hinds Property is benefited by, and the Subdivision is subject to, an express easement or right of way over the Subdivision to Middle Road (Count I). PhilMoore also alleges it holds an easement by implication (Count II). Specifically, PhilMoore alleges that the Hinds property and the Subdivision were previously held in common ownership by Merrill. At the time they were severed, an easement or a quasi-easement existed from the Hinds Property over the Subdivision. At the time of the severance, the grantor intended the use of the easement or quasi-easement to continue. In Count III, PhilMoore requests a quiet title.

On August 17, 21, and 23, 2000, the defendants brought several but identical motions to dismiss alleging PhilMoore lacked standing and that it failed to join indispensable parties. On November 1, 2000, the court (Mills, J.) denied the defendants' Motions to Dismiss because it could not decide the issues presented based on the record submitted by the parties.

On March 2, 2001, all of the defendants filed a counterclaim seeking a declaratory

judgment (Counterclaim Count I), alleging adverse possession (Counterclaim Count II), and to quiet title (Counterclaim Count III). Subsequently, on August 29, 2001, all of the defendants moved for summary judgment on all counts of the complaint and on Counterclaim Count II.

In their motion, the defendants claim that PhilMoore lacks standing to bring this action, that it has failed to join indispensable parties and that they are entitled to summary judgment on their adverse possession claim. They also move to strike the plaintiff's expert testimony and that without the expert testimony the plaintiff cannot place the easement on the face of the earth, thus mandating summary judgment in their favor.

## DISCUSSION

### I. Standard

A moving party is entitled to summary judgment if the evidence demonstrates that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. M.R. Civ. P. 56 (c); In Re Estate of Davis, 2001 ME 106, ¶ 7, 775 A.2d 1127, 1129. "To survive a defendant's motion for summary judgment, a plaintiff must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law." Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562 (citation omitted). "A fact is material when it has the potential to affect the outcome of the suit." Id. (citation omitted). "An issue is genuine if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial." Id. (citation omitted).

### II. Plaintiff's Standing

"Standing to sue means that the party, at the commencement of the litigation, has sufficient personal stake in the controversy to obtain judicial resolution of that controversy." Halfway House, Inc. v. City of Portland, 670 A.2d 1377, 1379 (Me. 1996). In Maine, "standing to sue" has been applied in varying contexts causing it to have a plurality of meanings. Id. at 1380. The gist of the question of standing is whether the party seeking review has a sufficient personal stake in a justiciable controversy to assure the existence of that concrete adverseness that facilitates diligent development of the legal issues presented. Id.

The defendants argue that PhilMoore has no legal title to the Hinds Property, and as a result has no standing to enforce or claim a right of way. In support thereof, the defendants cite Tisei v. Town of Ogunquit, 491 A.2d 564 (Me. 1985), in which the Law Court held that a party had no standing because it did not

> own the site of their proposed motel, although they did for a time have an irrevocable option to purchase the parcel. That option expired on February 1, 1984, and the [party's] complaint was not filed until February 17. On that latter date, and at all times since, the [party has] had no interest in the land adequate to give them standing.

Id. at 568.

This case is distinguishable from Tisei. Here, PhilMoore's Contract to Purchase was a year-long contract beginning on August 22, 1999 and ending August 22, 2000. PhilMoore filed its complaint on July 28, 2000, almost one month prior to the expiration of the contract. It was, therefore, bound to the contract to purchase at the inception of the suit.

In response to the defendants' argument, PhilMoore argues that Maine courts have held that buyers of real estate in a contract to purchase do have sufficient standing to sue. In support thereof, PhilMoore cites Halfway House, Inc. v. City of Portland, 670 A.2d 1377 (Me. 1996), in which the Law Court held that a buyer had sufficient personal stake in the controversy to have standing where the buyer entered into a binding purchase and sale agreement made contingent upon its ability to obtain a conditional use permit. This case is very similar to Halfway House. In both that case and here, the buyers were bound by a contract to purchase contingent upon an antecedent. In Halfway House, the buyer had to acquire a conditional use permit, while in this case PhilMoore must resolve the easement issue and must obtain a building permit from the Town of Falmouth for the construction of a single family dwelling. Because the contract to purchase is considered a sufficient personal stake in the controversy, PhilMoore has standing to sue.

The defendants also argue that the court should allow summary judgment because of PhilMoore's failure to meet the requirement of M.R. Civ. P. 17 (a) that an action be brought by the real party in interest. PhilMoore asserts that it is a real party in interest, and the court agrees.

4

Rule 17 (a) of the Maine Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." "The purpose of Rule 17 (a) is to provide that the plaintiff in an action shall be the person who by the subtantive law possesses the right to be enforced." 1 Field, McKusick & Wroth, Maine Civil Practice § 17.1 at 348 (2d ed. 1970). It also "protect[s] the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata." Poulos v. Mendelson, 491 A.2d 1172, 1175 (Me. 1985). This court finds that PhilMoore does have a personal stake in the outcome of this litigation, in that the outcome would determine whether it must then purchase the parcel (assuming it acquires the building permit).

Because it is not the only real party in interest, however, the court is requiring PhilMoore to join Hinds to this action pursuant to M.R. Civ. P. 19 (a), as he is the actual owner of the property and any determination made by this court would affect him. In addition, because a mortgage is regarded as a conditional conveyance vesting legal title in the mortgagee, see Martel v. Bearee, 311 A.2d 540, 543 (Me. 19973), the mortgagors for all the parties already part of this action have an interest in the outcome of this matter. As stated by the Law Court:

> The fundamental principle concerning parties is, that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject matter and the relief granted that their rights or duties might be effected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit.

Angell v. Gilman, 144 Me. 202, 206 (1949), *quoting* Pomeroy Equity Jurisprudence, Vol. 1, Page 98, Sec. 114. By joining these parties, the court will be able to finally determine the entire controversy and do complete justice. To do otherwise may create multiple litigation. This way, the court will provide complete and effective relief in this single action and will protect all parties from the possible prejudicial effect of deciding the case without them.

The court sees no need to join the others, [3], and the defendants offer no reason

---

3. The defendants argue that the Town of Falmouth, the owners of Lot 4, and the property owners at the intersection of Scitterygussett Drive and Middle Road should also be joined. Because Scitterygussett Drive is a public road, the court sees no need to join the Town of Falmouth. See

as to why they should be joined.

### III. Plaintiff's Expert

Contemporaneous with their Motion for Summary Judgment, the defendants move to strike PhilMoore's expert on the ground that PhilMoore failed to complete the exchange of M.R. Civ. P. 26 (b)(4) information before July 1, 2001. Specifically, they allege

> On November 2, 2000, the Court issued a Scheduling Order setting forth the deadlines pursuant to M.R. Civ. P. 16 (a). The Scheduling Order provided that Plaintiff must designate expert witnesses on or before February 1, 2001, and the 'expert witness designation shall include the complete statement of the information and reports required by M.R. Civ. P. 26 (b)(4)(a)(1).'
>
> \*\*\*
>
> On February 1, 2001 . . . Plaintiff served a designation of a surveyor, Robert Farthing of Survey, Inc., and an attorney, Richard A. Hull, III . . . who it anticipated would testify as expert witnesses at the trial of this action. \*\*\* Despite repeated requests, Plaintiff has provided no Rule 26 (b)(4) information to support its designation of either of the expert witnesses.

PhilMoore has conceded that its surveying expert was late in completing his survey report and map. Nevertheless, PhilMoore argues, it designated its expert witnesses in a timely manner. Specifically, PhilMoore argues he identified his expert witnesses, but does not assert, and there is no evidence to suggest, that he submitted anything aside from the identification.

Rule 26 (b)(4)(A)(i) states:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and to identify the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness, including a list of all publications authored by

---

Chapman v. City of Portland, 131 Me. 242, 245 (1932) ("The citizen has a constitutional and common law right to travel and transport his property by motor vehicles over the public highways, including the streets of a city . . . ."). Furthermore, the owners of Lot 4 and the owners of the property at the intersection of Scitterygussett Drive and Middle Road own no property abutting the alleged right of way and falls under none of the requirements of Rule 19.

the witness within the preceding ten years, and the compensation to be paid for the study and testimony.

The case law implementing this rule in Maine is sparse. In the one case found by this court, Green v. Nemat, 499 A.2d 470, 472 (Me. 1985), the Law Court upheld a trial court's dismissal of the plaintiff's claim when she failed to provide adequate responses to defendant's expert witness interrogatories pursuant to Rule 26 (b)(4) after the defendant tried for three years to secure adequate answers and different justices of the Superior Court issued four separate orders to compel adequate answers. This case suggests that dismissing PhilMoore's case at this point would be inappropriately harsh. Nevertheless, within 14 days of this order, the plaintiff, if it has not done so already, is ordered to provide to the defendants all information required by Rule 26 (b)(4), namely (1) each person whom the plaintiff expects to call as an expert witness, (2) the subject matter on which the expert is expected to testify, (3) the substance of the facts and opinions to which the expert is expected to testify, (4) a summary of the grounds for each opinion, (5) the data or other information considered by the witness in forming the opinions, (6) any exhibits to be used as a summary of or support for the opinions, (7) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years, and (8) the compensation to be paid for the study and testimony.

## IV. Adverse Possession

In their Counterclaim Count II, the defendants allege that they have used and enjoyed the disputed easement continuously, openly, notoriously and visibly without interruption for in excess of 20 years, under a claim adverse to PhilMoore and its predecessors. In their brief, the defendants state that

> no one, including the Plaintiff and its privies, ever traveled through [Prosser's] property or the adjacent property in a way to confirm the existence of an easement.

> The inescapable conclusion drawn . . . is that, if the Plaintiffs ever had an easement, its existence has long since been extinguished by operation of adverse possession.

PhilMoore counters by arguing that the defendants have failed to set forth the

7

elements of a prima facie case of adverse possession, and, consequently, cannot win summary judgment on this Counterclaim Count. In support thereof, PhilMoore argues that the defendants have failed to allege any of the elements for a prima facie adverse possession claim.

> In particular, Defendants have failed to allege any use by any Defendant (together with predecessors in title) that would have excluded the use of Plaintiff's easement. This is particularly true since the claimed easement arguably runs primarily along a paved, public way.

Possession that is sufficient to convey title by adverse possession must be actual, open, visible, notorious, hostile, under claim of right, continuous, and exclusive for a period of at least twenty years. Striefel v. Charles-Keyt-Leaman, 1999 ME 111, ¶ 6, 733 A.2d 984, 989. The burden is on the claimant to prove each of the elements of adverse possession by a fair preponderance of the evidence. Gonthier v. Horne, 576 A.2d 745, 746 (Me. 1990). Because the defendants have the burden of proving their allegation at trial, they must establish a prima facie case for each element of the cause of action in order to win their Motion for Summary Judgment.

While the defendants have only demonstrated that PhilMoore and its predecessors have not used the easement, there is enough in the record to question whether the defendants may have acquired the easement by adverse possession. While they have not established it sufficiently to win summary judgment, a question of fact remains on this issue and should go to a factfinder. The court, therefore, denies summary judgment for the defendants on their Counterclaim Count II.

THE DOCKET ENTRY IS:

The defendants' Motion for Summary Judgment is denied. The defendants' Motion to Strike is denied. The plaintiff is ORDERED to submit to all defendants and this court all information required under Rule 26 (b)(4), as enumerated herein, within 14 days of the date of this order. The plaintiff is ORDERED to join Richard Hinds and all mortgagors of those currently parties to this action.

The clerk is ordered to incorporate this order into the docket by reference.

_____
Justice, Superior Court

DATED: May 30, 2002

9

Date Filed __07-28-00__  __CUMBERLAND__ County  Docket No. __RE 00-090__

Action __FORECLOSURE__

DR. PHILMOORE

SCITTERYGUSSETT HOMEOWNERS ASSOCIATION adka
SCITTERY GUSSET HOMEOWNERS

HOME CONSTRUCTION & FINANCE
BETH D. WELLER        JOHN R. HEATH
CORY D. HEDMAN        JEFFREY T. EASTMENT
KATHERINE HEDMAN      MICHAEL IANNO
dismissed CRAIG WINSLOW   KELLY WEISS
dismissed LAURIE WINSLOW  MICHELLE A. BERNARD
ESTHER E. PROSSER     WILLIAM PROSSER
vs.    DEBORAH R. ATWOOD

Plaintiff's Attorney
WILLIAM S. KANY ESQ  282-1527
PO BOX 1179, SACO ME 04072

Defendant's Attorney
ANDREW SPARKS ESQ. (HEDMANS)
FRANK K.N. CHOWDRY ESQ (ALL OTHER DEF)

Date of
Entry