STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-150

TEN VOTERS OF THE CITY
OF BIDDEFORD,

Plaintiffs

v.

CITY OF BIDDEFORD, et al.,

Defendants

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

SEP 10 2002

Several voters in the City of Biddeford were dissatisfied with the performance of an elected City Councillor and wanted to start a petition seeking to recall him. The voters determined that the Biddeford City Charter's provisions on recalls were such that they would not be successful. They then decided that the Charter should be amended to make recalls easier to accomplish.

On May 31, 2002 five voters went to the Biddeford City Clerk to initiate a charter amendment relating to recalls. The Clerk, while not refusing their request for the necessary petitions, discouraged them from going forward because of Article X, Section 6 of the Biddeford Charter which reads, "The Charter may be changed in matters of form and substance only by a duly elected charter commission consisting of nine (9) members selected as follows: Seven (7) members, one (1) elected from each ward and two (2) appointed by the mayor and confirmed by the city council, who shall serve in accordance with 30-A M.R.S.A. §§2101-2106, as amended."

The voters then obtained counsel, initiated suit and sought injunctive relief arguing that Section 6 conflicted with the Maine Constitution and Maine statutes which authorize charter amendments separate from a charter commission. Counsel for the parties met with me and the counsel for the City indicated that state law would be followed and that the plaintiffs would be promptly issued their requested petitions so that they could begin their efforts to obtain sufficient signatures in order to get their proposed charter amendment regarding recall on an upcoming ballot. The City has kept its promises.

The City has moved to dismiss the complaint raising several arguments. The analysis begins with the Maine Constitution which states, at Art. 8, Pt. 2 §1, "The inhabitants of any municipality shall have the power to alter and amend their charters on all matters, not prohibited by Constitution or general law, which are local and municipal in character. The Legislature shall prescribe the procedure by which the municipality may so act." The Legislature has prescribed those procedures which are found, in part, at 30-A M.R.S.A. §2104. That section allows for the municipal officers to propose amendments and submit them for voter approval, 30-A M.R.S.A. §2104(1), and allows voters to propose amendments through written petitions signed by a number of voters equal to at least 20% of the number of votes cast in the municipality at the last gubernatorial election and submit them for voter approval, 30-A M.R.S.A. §2104(2).

The City Charter at Article X, §6 contains the sole Charter provision regarding changes to the City Charter. Its caption refers to revisions. If the text of Section 6

dealt only with revisions, which are fundamental changes to the form of municipal government, then Section 6 would be fine as 30-A M.R.S.A. §2104(4) provides that if the "proposed amendment would constitute a revision of the charter" then the petition shall be treated as a request for a charter commission. However, Section 6 appears on its face to govern all changes to the Charter which could include amendments which can by statute, 30-A M.R.S.A. §2104(2), be submitted directly to the voters, without the need of a charter commission. Therefore, if enforced, Section 6, as it is now written, violates state law by prohibiting voters from obtaining enough signatures and then presenting proposed charter amendments directly to the voters.

The City has argued that the plaintiffs do not have standing to bring their complaint based on their reading of 30-A M.R.S.A. §2108. I agree that the judicial review subsection, 30-A M.R.S.A. §2108(3), requires that a lawsuit be brought within 30 days after the election at which the Charter provision, Article X, Section 6, was approved. That section was approved years ago. However, 30-A M.R.S.A. §2108(3) is limited to a challenge to the "validity of the procedures under which a charter was adopted, revised, modified or amended." The plaintiffs in this case are not challenging the procedures under which Section 6 was enacted. The time for any such challenge has long expired. Rather they are challenging the validity of the Section itself. That challenge is timely pursuant to 30-A M.R.S.A. §2108(2).

The next issue is whether this suit is moot since the City agreed to and did provide the plaintiffs with the necessary forms to allow them to attempt to get

3

enough signatures so that a vote would be held on their proposed charter amendment. The immediate controversy has been resolved. The plaintiffs have their petitions and their proposal may or may not obtain enough signatures and may or may not appeal to the voters of Biddeford. Injunctive relief is not needed. Declaratory relief, however, is still being sought.

This case, however, is now moot and none of the exceptions to the mootness doctrine apply. See *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379-80 (Me. 1996) and *In re Marcial O*, 728 A.2d 158, 161, 1999 ME 64 ¶8-13. It is expected that the City will not improperly enforce Section 6 and will, in proper course, amend it. Based on those assumptions, the entry is:

> Complaint dismissed. No costs or attorney's fees to any party.

Dated:      September 5, 2002

Paul A. Fritzsche
Justice, Superior Court

David A. Lourie, Esq. - PL
Harry B. Center, II, Esq. - DEFS