STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-84

RALPH B. DHUY,

      Petitioner

v.

MAINE BOARD OF
DENTAL EXAMINERS,

      Respondent

**DECISION ON MOTIONS**

DONALD L. GARBRECHT
LAW LIBRARY

AUG 6 2003

This matter is before the court on respondent's motion to dismiss, petitioner's motion to amend his original petition, and motion to specify the course of proceedings and take additional evidence. The underlying action is a petition for review of final agency action in accordance with M.R. Civ. P. 80C. Petitioner complains that the decision of the respondent Board in denying him a denturist license and/or granting a license with conditions is in violation of constitutional or statutory provisions, in excess of the Board's statutory authority, made upon unlawful procedure, affected by bias or error of law, unsupported by substantial evidence on the whole record, and/or arbitrary or capricious or characterized by abuse of discretion. The petitioner has also filed a first amended petition. In the amended petition, petitioner acknowledges that the respondent Board has now awarded him a license but with six conditions. He now asserts that he is aggrieved by the imposition of the conditions. In the amended petition, he complains that one specific condition requiring that his advertisements be reviewed and approved by the Board prior to dissemination is a prior restraint of speech in violation of the First Amendment of the United States and Maine Constitutions.

This particular condition first appeared in a judgment of the District Court enjoining the petitioner from the practice of denturism until licensed by the Maine Board of Dental Examiners, suspending his right to practice and imposing conditions on May 17, 2002. This order was appealed to the Law Court which rendered a decision entitled *State of Maine and Maine Board of Dental Examiners v. Ralph B. Dhuy*, Dec. No. 2003 ME 75, decided June 4, 2003.

The precise condition imposed by the District Court, VII, Newport, Docket No. NEW-01-AD-1 (May 17, 2002) required, as a condition of future license, that the defendant "present all proposed advertising to the Board, or its delegate, for approval at least 30 days prior to its dissemination. If the Board, or its delegate, rejects the proposed advertising, it shall not be disseminated. This provision presumes that the Board will act in good faith and not withhold its approval of advertising which does not violate any rules or regulations or is not deceptive of misleading. If the Board, or its delegate, approves or fails to act upon proposed advertising within 30 days after its submission, the advertising may be disseminated."

The Law Court Decision considered facts found in the record as follows:

Dhuy advertised repeatedly in various publications, the telephone directory, and on radio stations during his one-year probation period between June 1998 and June 1999 without first seeking prior approval from the Board, and after October 1999 when he no longer was a licensed denturist. The State introduced evidence of numerous examples of Dhuy's advertisements during these times that were deceptive and misleading. For example, Dhuy was described in a print advertisement as having earned 'a doctor of medical denturity degree,' magna cum laude, from Mills-Grae University in Kalispell, Montana in 1995. He also announced in radio commercials that he had recently received from Mills-Grae University a doctor of medical denturity, which he referred to as a 'D.D.M. degree.' These print and radio advertisements are easily recognized as misleading because the common understanding of a medically related doctorate degree is four or more years of graduate work and Dhuy's degree was earned after only four weeks of instruction. Further, the appellation of 'D.D.M.' could be easily viewed as an abbreviation for a doctorate in dental medicine. In addition, Dhuy

published advertisements in which he represented that a dentist and another denturist were associated with him at times when they were not, and he described himself as 'Maine's 1ˢᵗ Licensed Denturist,' creating the false impression that he held an active license to practice denturism. There was abundant support for the court's conclusion that Dhuy continued to engage in deceptive and misleading advertising after being sanctioned by the Board in 1998.

The Law Court then went on to note that the State may limit commercial speech as inherently misleading citing *Edenfield v. Fane*, 507 U.S. 761, 768 (1993). It notes that restrictions in the advertisement of professional services "may be no broader than reasonably necessary to prevent the deception" (citing *In re R.M.J.*, 455 U.S. 191, 203 (1982)). Finally, the Law Court sustained the determination of the District Court on this particular subject saying, "The court was specific in its terms and described in reasonable detail the advertising activities, record keeping, and use of D.D.M. diploma and the preface 'Dr.' and how these acts were to be restrained. Based on Dhuy's history of failing to observe the Board's earlier order, the District Court acted well within its broad discretion to fashion an injunction that was responsive to the specific misconduct the court found.

The issues complained of by petitioner in the instant proceeding have been determined as a matter of law on the same facts. Accordingly, the matters in the instant case are moot and "have lost their controversial vitality." *In re Faucher*, 558 A.2d 705, 06 (Me. 1989).

The entry will be:

Respondent's motion to dismiss is GRANTED; petitioner's motion to amend, petitioner's motion to specify the course of proceedings and petitioner's motion to take additional evidence are DENIED; the Decision of the Board of Maine Board of Dental Examiners is AFFIRMED.

Dated: June____6___, 2003

Donald H. Marden
Justice, Superior Court

3

Date Filed __12/6/02__ __Kennebec__ Docket No. __AP02-84__
County

Action __Petition for Review__
80C

__Ralph B. Dhuy__ VS. __Maine Board of Dental Examiners__

Plaintiff's Attorney

Richard B. O'Meara, Esq.
Barbara L. Goodwin, Esq.
75 Pearl St., PO Box 9785
Portland, Maine 04104-5085

Defendant's Attorney

Dennis Smith, AAG
6 State House Station
Augusta ME 04333-0006

| Date of Entry | |
|---|---|
| 12/6/02 | Petition for Review of Final Agency Action with Independent Claim for Relief, filed. s/O'Meara, Esq. |
| 12/12/02 | Petitioner's Motion to Specify the Course of the Proceedings and to Take Additional Evidence, with Incorporated Memorandum of Law, filed. s/Goodwin, Esq. <br> Proposed Order on Petitioner's Motion to Specify the Court of the Proceedings and to Take Additional Evidence, filed. |
| 12/26/02 | Respondent's Entry of Appearance and Answer, filed. s/D. Smith, AAG; Respondent's Motion to Dismiss and /or Opposition to Motion to Specify the Course of Proceedings and To Take Additional Evidence with Incorporated Memorandum of Law with Request for Hearing and Proposed Order, filed. s/D. Smith, AAG |
| 1/2/03 | Petitioner's Reply Memorandum in Support of Petitioner's Motion to Specify the Course of the Proceedings and to Take Additional Evidence, filed. s/Goodwin, Esq. <br> Certificate of Service, filed. s/Goodwin, Esq. |
| 1/17/03 | Petitioner's Objections to Respondent's Motion to Dismiss with Incorporated Memorandum of Law, filed. s/Goodwin, Esq. (attached exhibits A-J) |
| 2/21/03 | Petitioner Ralph B. Dhuy's Motion to Amend his Petition for Review of Final Agency Action, with Independent Claim for Relief, with Incorporated Memorandum of Law, filed. s/Goodwin, Esq. <br> Certificate of Service, filed. s/Goodwin, Esq. |
| | First Amended Petition for Review of Final Agency Action, with Independent Claim for Relief, filed. s/Goodwin, Esq. <br> Certificate of Service, filed. s/Goodwin, Esq. |

Notice of setting for __4/2/03__

sent to attorneys of record.

| Date of Entry | Docket No. _____ |
|---|---|
| 2/28/03 | Respondent's Amended Answer; Motion to Dismiss and/or Respondent's Opposition to Petitioner's Motion to Amend his Petition for Review of Final Agency Action, with Independent Claim for Relief, with Incorporated Memorandum of Law with attached exhibits; Request for Hearing and Proposed Order, filed. |
| 3/6/03 | Petitioner's Objections to Respondent's Motion to Dismiss and Reply Memorandum in Support of his Motion to Amend his Petition for Review of Final Agency Action, with Independent Claims for Relief, with incorporated memorandum of law, filed. s/O'Meara, Esq. |
| 3/25/03 | Agency Record, filed. s/Smith, AAG |
| 4/2/03 | Hearing had Motion to Specify Future Course, Motion to Dismiss, Motion to Amend and Motion to Produce Additional Evidence,with Hon. Justice Donald Marden, presiding.<br>Oral arguments made to the court..Court to take matter under advisement. |
| 6/6/03 | DECISION ON MOTIONS, Marden, J.<br>Respondent's motion to dimiss in GRANTED; petitioner's motion to amend, petitioner's motion to specify the course of proceedings and petitioner's motion to take additional evidence are DENIED; the Decision of the of Dental Examiners is AFFIRMED.<br>Copies mailed to attys. of record.<br>Copies mailed to GARBRECHT LAW LIBRARY, DEBORAH FIRESTONE AND DONALD GOSS. |