STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. AP-10-07
OVERLOOK ROAD                           NM — CUM - 4/5/2011
ASSOCIATION,
          Plaintiff

    v.                                  ORDER ON PLAINTIFF'S
                                        MOTION FOR CONTEMPT
DEBORAH L. OOGLE,
TRUSTEE, DEBORAH L.
OOGLE REVOCABLE TRUST,

          Defendant

STATE OF MAINE
Cumberland Clerk's Office

RECEIVED

Before the court is the plaintiff's motion for contempt. For the following reasons, the motion is denied.

Background

This case involves the appeal of a small claims case, in which judgment was entered against the defendant. (Tr. of 10/27/09 Hearing.) A judicial settlement conference was conducted. The case was settled and the terms of the settlement were placed on the record. (Tr. of 6/28/10.) The court signed two orders to file docket entries. (Exs. A & H attached to Def.'s Opp. to Pl.'s Mot.)

After efforts to gather the required signatures to effect the settlement, the necessary documents were not executed. During this time period, the defendant reported the President of the Board of the plaintiff to the State of Maine Board of Licensure for Professional Engineers for alleged ethical violations. The plaintiff believed that the defendant violated the terms of the parties' mutual release by her report of the President of the Board. (Id. Ex. E.)

As a result of the impasse, the defendant filed a motion to enforce the settlement agreement. The plaintiff sent a letter to the settlement justice and requested a finding of contempt against the defendant. The matters were scheduled for hearing. By the time

1

of the hearing, the settlement documents had been signed. At the hearing, the defendant withdrew the motion to enforce and the parties signed a stipulation of dismissal. (Id. Ex. G.) The settlement justice did not act on the request for contempt.

Conclusions

First, based on the circumstances of this case, the plaintiff has not proved by clear and convincing evidence that the defendant is in contempt. See M.R. Civ. P. 66(a)(2)(A)(i) & (ii); 66(d)(2)(D)(i) & (ii). Second, the individual the defendant reported to the Board of Licensure is not a party to this case. The plaintiff requests, however, among other relief, that the court order the defendant to withdraw her complaint to the Board of Licensure, compensate the individual for attorney's fees and costs, and not communicate with anyone except her attorney about this case. See Halfway House Inc. v. City of Portland, 670 A.2d 1377, 1380 (Me. 1996) (access to the courts is limited "to those best suited to assert a particular claim").

The entry is

The Plaintiff's Motion for Contempt is DENIED.

Date: April 5, 2011

Nancy Mills
Justice, Superior Court

2

Date Filed 02-11-10     CUMBERLAND          Docket No. AP-10-07
                            County

Action      SMALL CLAIMS APPEAL


OVERLOOK ROAD AT BRIDGTON ASSOCIATION          OGLE, DEBORAH L. (TRUSTEE)


                                   vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KAREN JM MITCHELL, ESQ.<br>ALAN E. WOLF, ESQ.<br>294 MAIN STREET, PO BOX 275<br>CUMBERLAND, ME 04021-0275 | ~~CHRISTOPHER E. PAZAR, ESQ~~w/drew 9-28-10<br>~~DRUMMOND & DRUMMOND~~<br>~~ONE MONUMENT WAY~~<br>~~PORTLAND, ME 04101~~<br><br>CHRISTOPHER PAZAR ESQ<br>DRUMMOND & DRUMMOND<br>ONE MONUMENT WAY<br>PORTLAND ME 04101 |

Date of
Entry