STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-01
JRA - KEN - 9/26/2001

IN RE: JAMISON MICELI

**DECISION AND ORDER**

This matter is before the court on the appeal of Jamison Miceli (Miceli) from the order of the District Court (*Perry, A.R.J.*) which caused him to be involuntarily committed to Augusta Mental Health Institute (AMHI). The case has been briefed, argued, and is in order for disposition. For the reasons expressed herein, the appeal is to be denied.

An appeal from the District Court is on questions of law only and any factual findings in that court cannot be set aside unless they are clearly erroneous. M.R. Civ. P. 76D. The statutes applicable to an appeal from an order of involuntarily hospitalization is to the same effect. 34-B M.R.S.A. § 3864(11)(A), (B).

The hearing to commit the appellant was prompted by a finding of his incompetence to stand trial on a charge of terrorizing. Accordingly, the Commissioner of the Department of Mental Health, Mental Retardation and Substance Abuse Services (DMHMRSAS) commenced involuntary commitment proceedings as 15 M.R.S.A. § 101-B(4)(A) requires.

At the hearing, the District Court heard testimony from the victim of the alleged terrorizing, three mental health professionals, and Miceli himself. The latter's testimony aside, all the witnesses testified as to Miceli's bizarre behavior. More importantly, all the professional witnesses, including two who were retained at the request of Miceli's attorneys, Drs. Robinson and Devine, testified that Miceli suffered from paranoid schizophrenia. All three also testified that Miceli presented a risk of harm to others, particularly the alleged victim of his terrorizing offense. Significantly, all three also

endorsed the treatment plan proposed by AMHI that Miceli remain committed to that mental hospital for four additional months so that the staff there could carry out a treatment plan.

While the appellant finds fault with these conclusions, taken in the aggregate, they support the conclusion reached by the judge below that, by clear and convincing evidence, Miceli had a mental illness, and that he presented a likelihood of serious harm. Their testimony also supports the conclusion made that involuntary hospitalization was the "best available means for treatment and the least restrictive alternative." T., p. 110.

The first of these two conclusions are based purely on factual findings which this court is unauthorized to disturb as they are not clearly erroneous. M.R. Civ. P. 76D. Indeed, given the testimony adduced, it is difficult to imagine how a factfinder could reach different conclusions than those found below.

The third conclusion is a mixed question of law and fact with the latter element dominating any debate as to the propriety of commitment. Indeed, there is no legal precedent in Maine that guides this court as to the standard of review of a finding that commitment to a mental hospital is the least restrictive means of treatment that might be available. In truth, it is most difficult to find legal fault with the decision below in this regard. This is particularly true as all the professional witnesses endorsed commitment and the appellant's sole argument in opposition was that he be allowed a full discharge. Because there is no law on this discrete point, he can only cite selective bits of evidence to assist him. But, as noted, the facts as found by the factfinder have yielded the opposite conclusion and this court cannot substitute its judgment for that court's. As also noted, a cold review of the record would yield the same result as reached by the District Court. All that being so, this court will not disturb the order below.

2

The parties also advise the court that during the pendency of this appeal, the appellant was released from AMHI. As such, the appellee adds the argument that this appeal is moot and ought to be dismissed.

At the outset, it should be observed that the mootness of this appeal need not be addressed as this court has also concluded that it is substantively without merit. Nevertheless, the court concurs with the appellee's contention that the appellant's release from AMHI moots this appeal as none of the exceptions to the mootness doctrine apply.

Those exceptions are expressed in *State v. Gleason*, 404 A.2d 573, 578 (Me. 1979) as follows:

> First, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief. Second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public. Third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting or determinate nature may appropriately be decided.

*Id.* (Citations omitted).

This case fails all three tests. As to the first, there is no collateral consequence to Miceli or DMHMRSAS. Apparently, he is now free of restraint and the department asserts no claim as to his freedom. Nevertheless, the appellant worries that this commitment, if not vacated, may be detrimental to him in the future should it be claimed that he again presents a risk of harm due to mental illness. However, as the appellee argues, should this circumstance arise again, the party seeking commitment must establish anew the elements justifying such an action because a court ordering commitment must find that at that time the individual "poses a likelihood of serious

harm." 34-B M.R.S.A. § 3864(1)(C)(2). While it may be that evidence supporting an individual's prior commitment may be relevant on that question, nothing in the law suggests that a prior judicial decision ordering a commitment has any res judicata effect in a subsequent judicial proceeding. In the context of this particular case, it also appears that this appellant has a lengthy history of AMHI commitments. That being so, this four-month commitment loses some of its historical significance and its relevance is thereby diminished. *See In re Faucher*, 558 A.2d 705, 706 (Me. 1989).

Next, the propriety of Miceli's involuntary commitment is neither of great public interest, nor should his claims be addressed for future guidance of the bar and the public. These cases are common and the appellant has presented nothing beyond the ordinary challenge to the trial judge's conclusions of fact. *In re Faucher, id.* By the same token, the fact that the appellant has been released does not render the merits of his appeal worthy of review because they are fleeting; they are, as noted, commonly encountered in all three levels of our courts and need not be addressed again here to prevent an injustice that might otherwise be corrected but for Miceli's speedy release from AMHI.

Accordingly, this court determines that this appeal is moot and may be dismissed on this basis.

For the reasons cited herein, the Appeal is both DENIED and DISMISSED as moot; case REMANDED to the District Court.

So ordered.

Dated: September 26 , 2001

John R. Atwood
Justice, Superior Court

4

f

Date Filed ___1/8/01___ ___Kennebec___ Docket No. ___AP01-01___
County

Action ___Appeal from District Court___
Mental Health

# J. ATWOOD

IN RE: Jamison Miceli                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jamison Miceli, Pro Se<br>P.O. Box 724<br>Augusta, Maine 04332<br><br>Karen Mitchell Esq<br>PO Box 421<br>Norridgewock Maine 04957 | Kathleen Ross AAG<br>State House Sta 6<br>Augusta Maine 04333<br>- Jane B. Gregory, AAG (Dept. of Mental Heal<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 1/10/01 | Appeal from Southern Kennebec District Court with all papers, filed. |
| 1/17/01 | Official Transcript, filed. |
| | Notice of briefing schedule mailed to Pltf. and attys. |
| 1/19/01 | Letter from attorney Mitchell indicating she no longer represents the Pltf. |
| 1/26/01 | Per conversation with attorney Mitchell she will be continuing on with the representation of Mr. Miceli. |
| 1/29/01 | Letter from attorney Mitchell indicating she will be representing the Plaintiff. |
| 2/6/01 | MOTION FOR APPOINTMENT OF COUNSEL, Atwood, J.<br>Copies mailed to attys of record. |
| 2/27/01 | Appellant's Brief, filed. s/Mitchell, Esq. |
| 4/2/01 | Respondent's Brief, filed. s/Gregory, AAG<br>Letter entering Appearance, filed. s/Gregory, AAG |
| 4/18/01 | Appellant's Reply Brief, filed. s/Mitchell, Esq. |
| 6/5/01 | Oral arguments had before the Court with Justice Atwood, Presiding; Karen Mitchell, Esq. for J. Maceli and Jane Gregory, AAG for the State of Maine. After arguments, matter taken under advisement. Electronic Recording Tape 566 Index 4942-5371 |
| 7/25/01 | Clarification of Witness Testimony of Jamison Joseph Miceli, filed. s/Miceli, Pro Se |
| 9/11/01 | Correction of Witness Testimony of Jamison Joseph Miceli, filed. s/ J. Miceli, Pro Se |
| 9/19/01 | Letter from Pro Se Plaintiff. |